MEMORANDUM
ADKINS, J.
This petition for writ of mandamus seeks to' compel the Secretary of the Interior to approve petitioner’s four applications for rights of way over public lands in Mono County, California.
The applications were filed prior to 1923 under the Act of March 3, 1891 (26 Stat. 1095) as amended May 11, 1898 (30 Stat. 404), commonly known as the “Right-of-Way” acts relating to rights of way and easements for canals, ditches and reservoirs on public lands and reservations of the United States.
Petitioner alleges that the applications were component parts of a proposed system of irrigation having for its object the reclamation of arid lands adjacent to Mono Lake, California.
In each application Rush Creek was named as the source of water supply, and petitioner based its applications on an alleged valid appropriation under the laws of California of 75,000 miner’s inches of water from that Creek.
On November 30, 1923, the Commissioner of the General Land Office rejected the applications because of lack of satisfactory evidence of the water right claimed and upon reports from the Geological Survey and the mineral inspector of the General Land Office to the effect that petitioner owned no water for the project in connection with which the rights of way were sought.
*203 Petitioner thereupon desired to establish its right to the water in question by litigation in the California courts; at petitioner’s request the Interior Department suspended final action on the applications pending determination of the litigation. The suit was decided adversely to petitioner by the Supreme Court of California on September 27, 1933, in the case of Sierra Land & Water Co. v. Cain Irr. Co., 25 Pac. (2nd) 223.
Thereafter the First Assistant Secretary of the Interior affirmed the decision of the Commissioner of the Land Office rejecting the applications on the basis that petitioner had no right or title to water or valid claim to water in the future, to be used on the irrigation system in question.
On June 14, 1934, the First Assistant Secretary denied a petition for the exercise of supervisory authority upon the same ground.
The provisions of the acts upon which petitioner relies are set forth in paragraph 11 of the answer. In brief, they provide for the grant of rights of way over public lands to any canal or ditch company, formed for the purpose of irrigation and duly organized under the laws of any state or territory, which may file certain papers with the Secretary of the Interior.
As early as 1898 by certain regulations the Secretary of the Interior provided, in substance, that with such applications the petitioner must furnish evidence of uncontested title or right to appropriate water, or must furnish evidence of petitioner’s uncontested application for the right to appropriate water filed with the proper official of the state in which the water is located; that is, petitioner must furnish evidence of the ownership of the water rights for the project or of an uneontroverted expectation of such water rights.
Petitioner contends that the regulations are invalid and that under the proper construction of the statutes the petitioner acquired a vested right immediately upon the filing of *204 its application for right of way, and that it is not necessary for an applicant at the time of filing to have either a valid right to the use of the water or an uncontroverted expectation of such valid right.
In my judgment the demurrer to the answer must be overruled and the petition for writ of mandamus denied, for the following reasons:
1. I think the regulations were reasonable and appropriate for the accomplishment of the purposes of the statute. It is admitted that they have not been complied with.
2. The duty of the Secretary depends upon statutes the construction of which is not free from doubt; therefore his duty involves the exercise of judgment and discretion, and cannot be controlled by mandamus. Wilbur v. U. S., 281 U.S. 206, 219.
3. The writ of mandamus will be issued only where the duty to be performed is clear and indisputable. U.S. v. Wilbur, 283 U.S. 414, 419.
The right asserted by plaintiff is not clear and indisputable.