POPULAR DEMOCRATIC PARTY ET AL., Petitioners, *v.* INSULAR BOARD OF ELECTIONS OF PUERTO RICO, Respondent.

No. 394. Argued January 10, 1944.—Decided January 12, 1944.

*Samuel R. Quiñones* for petitioners.

Mr. Justice De Jesús delivered the opinion of the court.

On January 4, 1944, during the Christmas recess which expired on the 9th instant, the petitioners filed in this court the petition for mandamus in this case. The purpose sought by the petitioners is that, through the issuance of a peremptory writ of mandamus, the Insular Board of Elections of Puerto Rico be compelled, notwithstanding its decision to the contrary, to establish registration places in the rural districts of certain municipalities which are mentioned in the petition. The petitioners set forth the reasons which, in their judgment, justify the issuance of the writ of mandamus, the most important of which are as follows:

(*a*) That in the various rural wards in which the petitioners seek to have registration places established, suitable places therefor are available;

(*b*) That in many of those rural wards there are no adequate means of transportation to enable the new voters to travel with the necessary speed to the registration places located in the corresponding urban zone;

(*c*) That at present there are available less vehicles, public as well as private, as compared with those which existed about this time four years ago;

(*d*) That there is a scarcity of gasoline due to the war situation which has prevailed since December 8, 1941;

(*e*) The fact that the number of days available for the registration of voters has been reduced to two, one for males and one for females, whereas four years ago a longer term was allowed for that purpose;

(*f*) That if the registration places are not established in the rural districts as requested by the petitioners, the majority of the new voters belonging to the Popular Democratic Party will be deprived of their right to be registered and consequently of their right to vote;

(*g*) That due to the fact that all the polling places were established in the urban districts during the election held on

November 5, 1940, 146,109 registered voters failed to exercise their right to vote and they must be registered anew, as they have been eliminated from the lists of voters;

(*h*) That the electoral population now qualified to vote exceeds 959,259 citizens of whom only 568,851 are registered, and consequently over 390,408 citizens must be registered in order to be able to vote, two thirds of said voters residing in the countryside of the Island.

(*i*) That the purpose of Act No. 19 of June 10, 1939, *To Establish a New System of Registration of Voters,* is that, as far as possible, the registration places be established in the wards of the residences of the respective voters.

This is not the first time that the Popular Democratic Party has applied to this court for the same relief against a similar decision of the Insular Board of Elections of Puerto Rico. On December 19, 1939, it filed a petition for mandamus relying on grounds similar to those which it now sets forth in support of the present petition.

Since that was the first time that the question was raised, this court then deemed it proper to issue an alternative writ of mandamus. After hearing considerable evidence and the arguments of counsel, a short order was entered denying the petition for mandamus.

The petitioner once more resorts to this court, praying for the same relief; but the additional grounds which are now stated do not merit a different ruling from that which we rendered in the former case, and hence it is useless that we should issue an alternative writ, since in any event, we would be unavoidably compelled to reach the same conclusion that we reached in the former case. However, in deference to the petitioners, and inasmuch as the additional grounds already mentioned have been advanced, it seems advisable to add something to what we have already said in support of our decision.

 The legal provisions governing the case are found in §12 of Act No. 19 of June 10, 1939 (Second Special Session, p. 56), which literally reads as follows:

"Section 12.—Registration places *shall be established* in public buildings, either insular or municipal, so far as it is possible to obtain them.

"These places may be established in rural districts if suitable places are available. The Insular Police shall provide the police service that may be necessary in each registration place. The Insular Board of Elections *shall take* into account that it is the purpose of this Act that, *as far as possible,* the registration places be established in the *barrios* of the residences of the respective voters." (Italics ours.)

Although the lawmaker in the above-transcribed Section expressly stated his purpose that, *as far as possible,* the registration places be established in the wards of the residences of the respective voters, it is evident that his intention was to leave to the sound discretion of the Board the determination of that question, when he prescribed that the registration places *may be established* in rural districts if suitable places are available. It will be noted that the lawmaker permits, but does not direct, the Board to establish said places in rural districts. And although he expressed his purpose that, as far as possible, they be established in the wards where the respective voters reside, that statement is a mere suggestion which the Board doubtlessly considered when it exercised its discretion by establishing registration places in the rural districts of some municipalities and refusing to establish them in those referred to in the petition. This interpretation of the statute, in the sense that the duty of the Board involved in this case is not ministerial, was what compelled us to deny the petition for mandamus on December 23, 1939 (55 *D.P.R.* 987). Thereafter the Legislative Assembly of Puerto Rico has met four times in regular session, and it has not deemed it advisable to pass the necessary legislation in order to avoid the construction which

we have given to said legal provision. Does not that fact constitute the best evidence that the interpretation we then gave to the law is in accord with the true legislative intent? Perhaps the reasons now advanced, arising from the abnormal situation created by the state of war in which the nation finds itself, carry more weight than those formerly adduced. But that state of war dates from December 8, 1941, and the situation now prevailing has existed since that time; yet in the last two regular sessions nothing has been done by the Legislature to change the text of the statute. But, be it as it may, all the new grounds now alleged, as well as the objections which might be set up against the measure requested by the petitioner, were undoubtedly considered by the Board, and the latter made use of its discretion as already stated.

The Board acted. Had it not acted, mandamus would lie to compel it to do so, without requiring it to act in a particular way. But once it has rendered its decision, one way or the other, mandamus is inapplicable. *People* v. *La Costa, Jr., Judge,* 55 P.R.R. 178.

It seems advisable to quote here what has been said by the Supreme Court of the United States regarding the scope of the extraordinary writ of mandamus.

"Under the established rule the writ of mandamus cannot be made to serve the purpose of an ordinary suit. It will issue only where the duty to be performed is ministerial and the obligation to act peremptory, and plainly defined. The law must not only authorize the demanded action, *but require it; the duty must be clear and indisputable.* *U. S. ex rel. International Contracting Co.* v. *Lamont,* 155 U. S. 303, 308; *Louisiana* v. *McAdoo,* 234 U. S. 627, 633; *Work* v. *Rives,* 267 U. S. 175." *United States* v. *Wilbur,* 283 U. S. 414, 420. (Italics ours.)

In the present case the requisites which must exist for the issuance of the writ of mandamus are lacking. The law which we are construing permits the Board to act in the

way sought by the petitioners; but it does not compel said Board to act in that particular way. Therefore, the petition for mandamus should be denied.

Mr. Justice Snyder did not participate herein.