**DELAWARE RIVER JOINT TOLL BRIDGE COMMISSION**

v.

**Stanley R. RESOR, Secretary of the Army, et al.**

**Civ. A. No. 40601.**

United States District Court
E. D. Pennsylvania.
July 20, 1967.

Norman R. Bradley, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for plaintiff, Carl L. Lindsay, Jr., New Hope, Pa., Alfred W. Seiss, Phillipsburg, N. J., and New Hope, Pa., of counsel.

Drew J. T. O'Keefe, U. S. Atty., Joseph H. Reiter, Robert S. Blank, Philadelphia, Pa., for defendants and for Colonel Elmer P. Yates, witness.

Joseph E. McGettigan, Jr., Dist. Counsel, Corps of Engineers, Philadelphia, Pa., for U. S. Corps of Engineers.

## SUR CROSS-MOTIONS FOR SUMMARY JUDGMENT

KIRKPATRICK, District Judge.

In this action the plaintiff asks the Court to issue an order in the nature of mandamus directing the defendants, the Secretary of the Army and the Chief of Army Engineers,[1] to issue a permit au-

---

1. The action was begun before the enactment of the Department of Transportation Act, P.L. 89–670, October 15, 1966, 80 Stat. 931. That Act provides, inter alia, that no action commenced against any officer of the Government in his of-

thorizing the construction of a bridge across the Delaware River from New Hope, Pennsylvania, to Lambertville, New Jersey, or in the alternative for an order directing them to take final action on the plaintiff's application for the construction of such bridge, "without regard to any objections * * * by the Secretary of Commerce." Both parties have moved for summary judgment on a record free of dispute as to material facts.

Under the General Bridge Act of 1946, before the bridge can be built, the Secretary of the Army and the Chief of Engineers must approve the plans and location of the bridge and determine that it will not obstruct navigation. The plaintiff, Delaware River Joint Toll Bridge Commission, is a body which operates five toll bridges crossing the Delaware River. It was created by a compact between the states of Pennsylvania and New Jersey, consented to by Congress.[2] One provision of the compact forbids the two states to authorize or permit the construction of a toll-free bridge within ten miles of any toll bridge operated by the Commission. A supplemental provision [3] permits the Commission to combine the tolls of any or all of its bridges for financing purposes.

The Secretary of Commerce has approved, as part of the National Interstate Highway System, a route (78) which calls for a bridge crossing the Delaware River more than ten miles above Lambertville and New Hope but only two miles below the Commission's existing toll bridge connecting Easton, Pennsylvania, and Phillipsburg, New Jersey.

The Commission, more than two years ago, applied to the Secretary of the Army for approval of the construction of the

New Hope-Lambertville bridge. The Chief of Engineers has approved its location and plans, and his report to the Secretary of the Army states that the bridge is needed (the existing bridge, built in 1814, being wholly inadequate) and would not obstruct navigation. These reports were sent to the Secretary of the Army for action.

At this juncture, the Secretary of Commerce, acting on behalf of the Federal Highway Administrator, with the purpose of insuring that the projected route 78 bridge would be a free bridge, wrote to the Secretary of the Army objecting to the approval of the proposed Lambertville-New Hope bridge, and the Secretary of the Army has advised the Commission that he will not take final action on its application until the objections of the Secretary of Commerce are "resolved." He has continued until the present time to refuse to issue any permit, thus far effectively blocking the construction of the bridge and any possible review of his action. The Secretary of Commerce will withdraw his objections if the Commission removes the tolls from the Phillipsburg-Easton bridge and, in addition, he proposes that, not later than 1972, the tolls should be removed from another of the Commission's bridges at Delaware Water Gap, Pennsylvania, over which Interstate Route 80 passes.

The Commission has bonds already issued and outstanding secured by the tolls of all its five existing bridges and proposes to finance the projected bridge between New Hope and Lambertville by a new issue of bonds secured by the tolls of all its bridges including the projected one. If this plan of financing is put into effect and the bridge is built, the compact between Pennsylvania and New Jer-

---

ficial capacity should abate by reason of the transfer of the functions of his agency by the Act, but that such suit should be continued by the Secretary of Transportation and that the suit should then proceed "in the same manner and effect as if this Act had not been enacted." This accounts for the addition of the Secretary of Transportation as a party.

2. Act of August 30, 1935 (49 Stat. 1058), amended and consented to. Act of August 4, 1947 (61 Stat. 752).

3. Consented to by Congress. Act of 1952 (66 Stat. 28).

sey will prevent it from being maintained as a toll-free bridge for an indefinite time.

■■ As a general rule mandamus is the proper remedy only where the act or duty is purely ministerial and is clearly and plainly established or imposed by law. United States ex rel. McLennan v. Wilbur, 283 U.S. 414, 51 S.Ct. 502, 75 L.Ed. 1148. Admittedly, the General Bridge Act of 1946 does not oblige the Secretary of the Army to approve all bridge applications. It merely prohibits the building of bridges over navigable waters without his approval. He has full discretion either to approve or to disapprove such applications. Congress certainly did not intend that he should act merely as a rubber stamp for the recommendations of the Chief of Engineers. There is nothing in the pertinent legislation which binds him by the actions or opinions of any of his subordinates approving the plans or location of a bridge. Clearly, the approval by the Secretary of the Army of bridge applications is not a ministerial act.

■ Mandamus may be employed "to compel action, when refused, in matters involving judgment and discretion, but not to direct the exercise of judgment or discretion in a particular way." Wilbur v. United States ex rel. Kadrie, 281 U.S. 206, 218, 50 S.Ct. 320, 324, 74 L.Ed. 809. For this reason the relief sought in the first count, namely, ordering the issuance of a permit to build the bridge, cannot be granted.

The plaintiff in the second count seeks to compel the Secretary of the Army not merely to take action approving or disapproving its application, but also to do it without regard to the objections of the Secretary of Commerce. The Court may not, in advance, instruct the Secretary of the Army as to what matters he should or should not take into consideration when he exercises his discretion.

■ However, action to compel the Secretary to exercise his discretion either to issue the permit or to disapprove the application is another matter. Mandamus lies for that purpose. Paramount Pictures v. Rodney, 186 F.2d 111 (3rd Cir., 1951).

■ Not only would the granting of the full relief prayed for have to be based on speculation that the Secretary would disapprove on the grounds of the objections, but it would be in effect a review of posited action of the Secretary before he has taken any action. In any event, when an officer of the Government is given the power and duty to make decisions, the power includes that of making a wrong decision. The considerations suggested by the Supreme Court in Toilet Goods Association v. Gardner, 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697, May 22, 1967, fully support the view that any review of possible action of the Secretary of the Army at this stage of the proceedings would be premature.

■ The objection that mandamus does not lie because the statute imposes no duty on the Secretary of the Army is without merit. The authority conferred by the Bridge Act imposes a duty to take action approving or disapproving. "The word 'approved' naturally imports the exercise of judgment and discretion; and the power to approve ordinarily implies a power to disapprove." Apfel v. Mellon, 59 App.D.C. 94, 33 F.2d 805, 806.

The plaintiff asserts that the Secretary of the Army has admitted that the sole reason for his failure to approve the permit is the objection to it by the Secretary of Commerce. Based upon this premise, it argues that the Bridge Act leaves nothing for the discretion of the Secretary of the Army to operate upon. The plaintiff contends that his judgment must be exercised solely with respect to the plans and location of the bridge and whether it will constitute an obstruction to navigation. I need not express either agreement or disagreement with this construction of the Bridge Act of 1946, for I cannot construe the letter of the Secretary of the Army to the Joint Toll Bridge Commission as an admission that he is withholding his approval *solely*

because of the objections of the Secretary of Commerce. Moreover, the plaintiff's thirteenth request for admission which reads in part, "that the permit for said bridge is not being issued, solely because of the objections by the United States Secretary of Commerce", was answered by the defendants', "Admitted except for the word 'solely'."

It may appear that this opinion is based on a technical view of the law. I do not think it is. The work-load of the court would be greatly increased and the work of administrative officers would be rendered extremely difficult and much delayed if the courts should entertain litigation to determine what action an administrative officer ought to take rather than review action which has been taken.

Summary judgment may be entered for the plaintiff, limited, however, to directing the defendants to take final action within thirty days on the plaintiff's application for a bridge permit.

The defendants' motion for summary judgment is denied.

An order may be submitted.