ACTION FOR CHILDREN'S TELEVISION, et al., Plaintiffs,

v.

FEDERAL COMMUNICATIONS COMMISSION, et al., Defendants.

Civ. A. No. 82-1366.

United States District Court, District of Columbia.

Sept. 15, 1982.

Robert H. Bohn, Jr., Bohn & Kaplan, Boston, Mass., for plaintiffs.

Theodore M. Grossman, Dept. of Justice, Civ. Div., Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

JACKSON, District Judge.

This matter comes before the Court on defendants' motion to dismiss for failure of subject matter jurisdiction. Plaintiffs are a non-profit Massachusetts public interest corporation, its president, and the parents of a minor television viewer. Defendants are the FCC and the individual members of the Commission. The action is one for injunctive relief praying that this Court order the Commission to make a decision—any decision—with reasonable alacrity in proceedings known as "Docket 19142." Docket 19142 concerns the Commission's consideration of the petition of plaintiff Action for Children's Television ("ACT") for the adoption of rules to govern television programming for children.

Plaintiff ACT began its efforts to induce the FCC to adopt rules to improve the quality of children's television programming in February of 1970. The FCC decided in October of 1974 not to adopt any specific rules, and to give the broadcast industry's self-regulatory efforts an opportunity to achieve certain policy objectives. ACT appealed this decision to the U.S. Court of Appeals for the District of Columbia which affirmed the Commission. *Action for Children's Television v. FCC*, 564 F.2d 458 (D.C. Cir. 1977) ("ACT I").

In February, 1978, ACT petitioned the FCC to evaluate the effectiveness of industry self-regulation. The Commission responded by establishing a task force, which reported in October of 1979, resulting in the Commission's re-opening proceedings in Docket 19142. Those proceedings consumed most of 1980. Impatient, however, for the FCC's final order promulgating (or declining to promulgate) rules, plaintiffs filed this action.

Although phrased to suggest various other possible bases of jurisdiction, the essence of the relief sought is an order of this Court directing the FCC to make some decision promptly. Plaintiffs rely upon two sources of this Court's jurisdiction: the mandamus statute, 28 U.S.C., Section 1361; and the Administrative Procedure Act, (APA) 5 U.S.C., Section 702 and 706(1). Defendants have moved to dismiss the complaint on the grounds that this Court lacks subject matter jurisdiction of the action, asserting that mandamus does not lie in the present case and that judicial review of FCC action rests exclusively with the Court of Appeals under the Administrative Orders Review Act, 28 U.S.C., Sections 2341 *et seq.*

The mandamus statute, 28 U.S.C., Section 1361, gives the district courts original jurisdiction over actions "in the nature of mandamus" to compel federal officials to perform a duty owed to the plaintiff. A writ of mandamus may issue, however, "only where the duty to be performed is ministerial and the obligation to act peremptory, and clearly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and undisputable." *United States ex rel. McLennan v. Wilbur*, 283 U.S. 414, 420, 51 S.Ct. 502, 504, 75 L.Ed. 1148 (1931). Even when the duty is clear and undisputable, however, the issuance of the writ is committed to the discretion of the Court, *Cartier v. Secretary of State*, 506 F.2d 191 (D.C. Cir. 1974), *cert. denied,* 421 U.S. 947, 95 S.Ct. 1677, 44 L.Ed.2d 101 (1975), and the case for the writ must therefore be clear and compelling on both legal and equitable grounds. *Thirteenth Regional Corporation v. U.S.*

*Dept. of Interior,* 654 F.2d 758 (D.C. Cir. 1980).

When the Court of Appeals considered plaintiffs' first appeal in 1977, it held, *inter alia,* that the Commission's decision to forbear from rule making for an unspecified time to assess the effect of industry self-regulation was "a reasoned exercise of its broad discretion." *Action for Children's Television v. FCC,* 564 F.2d 458, 479 (D.C. Cir. 1977). The court said:

> The Commission did not act arbitrarily or otherwise abuse its broad discretion in declining to adopt ACT's proposed rules as its own, or, for that matter, in declining to adopt any rules whatsoever for the time being. 564 F.2d at 481.

■ It thus appeared to the Court of Appeals in 1977 that, on the record before it, the agency had no duty to make a final decision which could be said to be so clear and undisputable that the Commission could be ordered to perform it.[1] Plaintiffs allege nothing in the interim to change this situation other than that children's programming still gives cause for concern and the FCC is still concerned with it. This Court thus finds no basis in the mandamus statute for it to grant the extraordinary relief the plaintiffs seek on the facts alleged.

■ The Administrative Procedure Act also provides for judicial review of agency action in a "court of the United States," 5 U.S.C., Section 702, and the scope of review includes action "unlawfully withheld or unreasonably delayed." 5 U.S.C., Section 706(1). Section 703 of the APA, however, declares the appropriate form of proceeding to be the "special statutory proceeding relevant to the subject matter in a court speci-

fied by statute," and it is clear that by passing the Administrative Orders Review Act, 28 U.S.C., Section 2342(1), Congress intended judicial review of FCC action (to the extent it is reviewable at all) to be accomplished by the courts of appeals.

The legislative history of the Administrative Orders Review Act demonstrates that one of its purposes was to eliminate the duplication of effort that resulted under prior law when appeals from agency orders were tried *de novo* in the district courts. The Act provides for "review by the appropriate circuit court of appeals upon the record made before the administrative agency," to avoid "the making of two records, one before the agency and one before the court, and thus going over the same ground twice." H. Rep. No. 2122, 81st Cong., 2d Sess. 3–4 (1950). "It is the availability of a record for review and not the holding of a quasi-judicial hearing which is now the jurisdictional touchstone [of the Administrative Procedure Act]." *Deutsche Lufthansa Aktiengesellschaft v. CAB,* 479 F.2d 912, 916 (D.C. Cir. 1973).

The agency record should be the point of origin for any inquiry into the FCC's constructive use of the passage of time since *ACT I,* and the Court of Appeals is better equipped to make that inquiry than this Court. Not only does the Court of Appeals have a general expertise in FCC matters acquired by years of oversight of final FCC orders under the Administrative Orders Review Act, but it is also familiar with, and has already considered at length, the particular subject matter of this lawsuit, including the propriety of the FCC's decision not to regulate for a time.[2] *Action for Children's Television v. FCC, supra.*

---

1. Defendants contend that *ACT I* held that the FCC had no duty to promulgate rules at all, or even to complete the rule-making proceeding which it was at liberty to abandon at any time. The Court finds it unnecessary to decide whether *ACT I* reached so far.

   The Court also assumes without deciding that plaintiffs have standing to seek review of the FCC's action (or inaction) in either this Court or the Court of Appeals, notwithstanding defendants' contention that the absence of a deci-

sion deprives plaintiff of a palpable injury from which to be relieved.

2. The plaintiffs have argued that this Court should retain jurisdiction because discovery is necessary to determine the reasonableness of the FCC's inactivity in the interim since *ACT I.* If the Court of Appeals concludes the record is inadequate to that end, however, it can remand the case to the agency, *Environmental Defense Fund, Inc. v. Hardin,* 428 F.2d 1093, 1099 (D.C. Cir. 1970), or to the district court. *Investment*

Moreover, the Court of Appeals has exercised its jurisdiction in similar cases without misgivings to order precisely the relief the plaintiffs seek from these defendants. *Home Box Office, Inc. v. FCC,* 567 F.2d 9, at 17, n. 4, and 60–61 (D.C. Cir. 1977); *Nader v. FCC,* 520 F.2d 182, at 206–07 (D.C. Cir. 1975). And at least one other judge of this district court has also held that exclusive jurisdiction to compel FCC action is vested in the Court of Appeals. *Magnavox Government and Industrial Electronics Co. v. FCC,* Civil Action No. 82–316, Order of February 22, 1982 (Flannery, J.).

Finally, in *Investment Company Institute v. Federal Reserve System,* 551 F.2d 1270 (D.C. Cir. 1977), the court held that whenever there is a controversy over whether the district court or the Court of Appeals has jurisdiction in a particular case, "[f]rom the standpoint of judicial efficiency, the court of appeals should have the first opportunity to pass on the jurisdictional question." 551 F.2d at 1280.

Therefore, the Court holds that plaintiffs have failed to state a claim which is within the jurisdiction of this Court to award, namely, a writ of mandamus directing the FCC to discharge a legal duty to plaintiffs, or to take action that has been "unreasonably delayed," and it is, this 15th day of September, 1982,

ORDERED, that defendants' motion to dismiss the complaint is granted, and the complaint is dismissed without prejudice.

*Company Institute v. Federal Reserve System,* 551 F.2d 1270, 1280 (D.C. Cir. 1977).