**NATIONAL TREASURY EMPLOYEES UNION, Plaintiff,**

v.

**George BUSH, Defendant.**

**Civ. A. No. 89–0517–OG.**

United States District Court, District of Columbia.

July 12, 1989.

plaintiff's administrative complaint.

units for labor organization; supervises or conducts elections to determine whether a union has exclusive representative status; resolves issues related to the duty to bargain in good faith; adjudicates unfair labor practice complaints; and resolves exceptions to arbitrators' awards. *See* 5 U.S.C. § 7105(a)(2). NTEU is a party before FLRA in several matters the resolution of which has been temporarily suspended.

Since October, 1987, the FLRA has had at least one vacancy. The existence of one vacancy allowed the FLRA to continue to function. Indeed, the relevant statute expressly provides that "[a] vacancy in the Authority shall not impair the right of the remaining members to exercise all of the powers of the Authority." 5 U.S.C. § 7104(d).

Since November, 1988, however, the FLRA has had only one member. The statute does not expressly authorize FLRA to act with only one member. Plaintiff alleges that the remaining member of the FLRA, Jean McKee, has taken the position that the Authority cannot issue any substantive decision until at least one of the vacant seats is filled.

Kerry L. Adams, Nat. Treasury Employees Union, Philadelphia, Pa., Gregory O'Duden, Elaine Kaplan, Nat. Treasury Employees Union, Washington, D.C., for plaintiff.

John Cleary, Curtis E. Hall, Asst. U.S. Attys., Washington, D.C., for defendant.

## MEMORANDUM–ORDER

GASCH, District Judge.

### INTRODUCTION

Plaintiff National Treasury Employees Union ("NTEU"), is an unincorporated association which is the exclusive bargaining representative for approximately 140,000 federal employees. NTEU brings this action against George Bush, the President of the United States of America. The gravamen of NTEU's complaint is that President Bush has a statutory duty to appoint a member to the Federal Labor Relations Authority ("FLRA" or "the Authority") and that Mr. Bush has failed to do so.

The FLRA is a three member panel that has exclusive statutory responsibility for administering the federal sector labor relations program. Among other things, FLRA determines the appropriateness of

Plaintiff contends that the President has a nondiscretionary statutory duty to appoint promptly another member to FLRA. Plaintiff seeks declaratory relief, or a writ of mandamus, directing the President to appoint another member to the FLRA, so that the Authority may carry out its functions.

Before the Court are four motions, including plaintiff's motion for summary judgment and defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. These motions present the same legal issues. Those issues are, first, whether this case presents a nonjusticiable political question; and second, whether the President has a nondiscretionary, statutory duty to appoint another member to FLRA within a certain period of time. Also before the Court are defendant's motion for a protective order and plaintiff's motion to compel. Because the Court finds that this case must be

dismissed, the Court does not consider the discovery motions.

DISCUSSION

I. *This case presents a nonjusticiable political question.*

 As the D.C. Circuit stated in *Antolok v. United States,* 873 F.2d 369 (D.C.Cir. 1989), the political question doctrine incorporates three inquiries:

(i) Does the issue involve resolution of questions committed by the text of the Constitution to a coordinate branch of Government? (ii) Would resolution of the question demand that a court move beyond areas of judicial expertise? (iii) Do prudential considerations counsel against judicial intervention?

*Id.* at 381 (citing *Goldwater v. Carter,* 444 U.S. 996, 998, 100 S.Ct. 533, 534, 62 L.Ed.2d 428 (1979) (Powell, J., concurring)).[1] In this case, all three factors support the conclusion that the question presented in this case is a political question.

First, the text of the United States Constitution commits the power to appoint officers to the President, acting with advice and consent of the Senate. Article II, section 2 provides, in part, that "[the President] shall nominate and, by and with the Advice and Consent of the Senate, shall appoint ... all other Officers of the United States, whose appointments are not herein otherwise provided for, and which shall be established by Law...." The text makes no reference to any role of the judiciary in the appointment process.

Second, the resolution of the questions presented requires the Court to move outside the bounds of judicial expertise. In essence, plaintiff asks the Court to determine how much time should reasonably be permitted to evaluate and select a nominee for the FLRA. The Court regards this question as beyond the scope of judicial expertise.

Finally, the Court finds that prudential considerations in this case counsel against

judicial intervention. This Court is unaware of any case law, and plaintiff cites none, where a federal court directed a President to make an appointment. The implications of a decision requiring the President to make such an appointment within a specified time in the absence of any explicit statutory guidelines would be far-reaching indeed. Common sense and caution advise against such a decision.

II. *The President does not have a nondiscretionary, statutory duty to appoint a member to FLRA within a specified period of time.*

 The Court finds that, in the alternative, this case must be dismissed because the President is not duty-bound to appoint additional members to FLRA within any specified period of time. Plaintiff's claim that it is entitled to a writ of mandamus borders on being frivolous. Under governing law, a writ of mandamus

will issue only where the duty to be performed is ministerial and the obligation to act peremptory, and plainly defined. The law must not only authorize the demanded action, but require it; *the duty must be clear and indisputable.*

*United States ex rel. McLennan v. Wilbur,* 283 U.S. 414, 420, 51 S.Ct. 502, 504, 75 L.Ed. 1148 (1931) (emphasis provided). The appointment clearly involves the exercise of discretion.

Plaintiff argues that the plain language of 5 U.S.C. § 7104(b) indicates that the President has a clear, indisputable duty to appoint promptly a member to FLRA. The statute provides, in part, that "[m]embers of the Authority shall be appointed by the President by and with the advice and consent of the Senate...." Although this language undoubtedly *authorizes* the President to appoint FLRA members, it does not clearly require the President to do so. However, even assuming *arguendo* that the language can be read as the equivalent

---

1. The D.C. Circuit noted that although "this formulation [of *Baker v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962) ] is the product of a separate concurring opinion of a single Justice in a judgment announced *per curiam,* we

have previously applied it as an appropriate test for determining whether or not a particular issue ... falls within the political question category...." *Antolok,* 873 F.2d at 381.

of "the President shall appoint," the statute still does not require the President to take action within any particular period of time.

To overcome this hurdle, plaintiff attempts to rely on 5 U.S.C. § 7117 for the proposition that the President's nomination must be timely. Plaintiff reads that section of the statute entirely out of context. The statute provides:

> The Authority shall expedite proceedings under this subsection [c] to the extent practicable and shall issue to the exclusive representative and to the agency a written decision on the allegation and specific reasons therefor at the earliest practicable date.

5 U.S.C. § 7117(c)(6). First, this statutory provision deals with action by the *Authority*—it does not refer to Presidential action. Second, the statute refers only to a fraction of the Authority's overall responsibilities, *i.e.,* this subsection applies only where an agency involved in collective bargaining with an exclusive representative alleges that the duty to bargain in good faith does not extend to the matter. That the statute requires the FLRA to expedite certain functions cannot be interpreted to require the President to make appointments within a particular time period. Plaintiff's reliance on this section of the statute is entirely misplaced.

The plaintiff's final contention is that the legislative history reflects a congressional intent "that the President promptly nominate successors to fill any vacancies." H.R.Rep. No. 95–1403, 95th Cong., 2d Sess. 42 (1978), U.S.Code Cong. & Admin.News 1978, p. 2723 ("House Report"). This argument is not compelling because the legislative history as a whole does not reflect a clear and unambiguous congressional intent that the President appoint nominees to the FLRA within any particular period of time.[2]

Plaintiff relies primarily on *NTEU v. Nixon,* 492 F.2d 587 (D.C.Cir.1974), in which NTEU sought a writ of mandamus requiring the President to grant pay adjustments as mandated by the Federal Pay Comparability Act. Although the Court of Appeals in that case found mandamus jurisdiction, the Court declined to issue a writ of mandamus. The Court, instead, issued a declaratory decree stating the nature of the President's duty. 492 F.2d at 616. The *Nixon* case, however, is factually inapposite. The *Nixon* decision did not involve the President's appointment power. Furthermore, in *Nixon,* the President had a statutory duty to act by a specified date. *See* 492 F.2d at 592–96.

In summary, there is no reasonable basis for plaintiff's contention that the President has a clear, indisputable duty to appoint additional members to the FLRA within any specified period of time.

### ORDER

Upon consideration of plaintiff's motion for summary judgment, and defendant's motion to dismiss, the memoranda in support thereof and in opposition thereto, the arguments presented by counsel in open court, and the entire record herein, and for the reasons stated above, it is by the Court this 12th day of July, 1989,

ORDERED that plaintiff's motion be, and hereby is, denied; and it is further

ORDERED that defendant's motion to dismiss be, and hereby is, granted; and it is further

ORDERED that this case be, and hereby is, dismissed.

2. On the contrary, the legislative history provisions referred to by plaintiff support the opposite conclusion. The legislative history sets forth no time limits within which the President must submit nominations to fill vacancies on the Authority. This is noteworthy when contrasted with the time limits expressly set forth in the legislative history regarding Presidential nomination of the General Counsel of the Authority. *See* House Report at 42 (subsection (f)(4)).