**\*AMENDED**
CLD-158                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1142
_____

IN RE:  J. C.,
                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2-15-cv-04745)
District Judge: Honorable C. Darnell Jones, II

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 23, 2018

Before:  CHAGARES, GREENAWAY, JR. and GREENBERG, Circuit Judges

(Opinion filed: April 19, 2018)
_____

OPINION[*]
_____

PER CURIAM

    In August 2015, petitioner J.C. filed a complaint in the United States District

Court for the Eastern District of Pennsylvania against numerous defendants who are

employees of the Philadelphia Adult Probation and Parole Department ("PAPPD").  The

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

action was assigned to District Judge Gerald A. McHugh. In that complaint, J.C. alleged various violations of his constitutional rights by defendants beginning in 2013. J.C. averred, in particular, that defendants retaliated against him for filing a lawsuit against Probation Officer Nicholas Ford ("Ford"). J.C. sought injunctive relief, as well as compensatory and punitive damages against the defendants in their official and individual capacities. Defendants moved to have the claims asserted against them in their official capacities dismissed on grounds of, inter alia, Eleventh Amendment immunity. Having received no response from J.C., the District Court granted the motion and dismissed J.C.'s complaint with prejudice. J.C. filed an out-of-time response to the defendants' motion and a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) and/or a motion for relief from judgment pursuant to Rule 60(b). The District Court denied J.C.'s motion, and he appealed.

This Court affirmed the District Court's judgment in part, vacated it in part, and remanded the matter for further proceedings. See C.A. No. 16-1718. In particular, we affirmed the judgment of the District Court with regards to J.C.'s claims against the defendants in their official capacity, but vacated the judgment with respect to his claims against them in their individual capacity because the defenses put forth by the defendants in their official capacity were not available to them in their individual capacity. On remand, the District Court dismissed the claims against all defendants except Ford. With respect to the remaining claims against Ford, District Judge McHugh recommended that those claims be transferred in accordance with Local Rule 40.1(c)(2) to District Judge

2

Gene E.K. Pratter, as J.C. had a case pending before her at E.D. Pa. Civ. No. 13-cv-04066 that was filed in July 2013 and involved similar allegations against Ford. Chief Judge Petrese B. Tucker entered an order on March 27, 2017, reassigning the case to District Judge Pratter. The court, through an order issued by Judge Pratter, subsequently denied J.C.'s motion for reconsideration and motion to certify the order for immediate appeal under 28 U.S.C. § 1292(b). Judge Pratter also issued an order directing the parties to show cause why the two cases should not be consolidated.

Once again, J.C. sought reassignment, reconsideration, and severance of the two cases. Chief Judge Lawrence F. Stengel, on September 1, 2017, reassigned the case to District Judge C. Darnell Jones who had recently been reassigned the related case at E.D. Pa. Civ. No. 13-cv-04066. Judge Jones dismissed the motion for reassignment as moot and denied the motion seeking reconsideration in an order entered on September 12, 2017. Judge Jones entered an order on September 19, 2017, stating that, "regrettably," the cases had to be reassigned once again because his recusal was required pursuant to 28 U.S.C. §§ 455(a), (b)(1), insofar as he knows two of the defendants, both of whom he worked with during his tenure as supervising judge of the PAPPD. However, "to keep th[e] matter on track towards a speedy recovery," see Mem. Opin. of 9/18/17 at 1, Judge Jones issued a Memorandum and corresponding case management Order resolving the show cause order issued with respect to the consolidation question.

Judge Jones concluded that "[c]onsolidation is the most appropriate next step to ensure efficient and fair management of these cases." Id. at 6. The District Judge thus

3

ordered J.C. to submit a consolidated amended complaint in the lead case at E.D. Pa. Civ. No. 13-cv-04066 with respect to the remaining claims and directed the remaining defendants to refile the appropriate responsive pleadings or dispositive motions. J.C.'s case at E.D. Pa. Civ. No. 15-cv-04745 was to be marked closed for all purposes. J.C.'s motions for reconsideration and reassignment were denied in the last order entered by District Judge Jones on October 11, 2017.

Given Judge Jones' recusal, the civil action at E.D. Pa. Civ. No. 13-cv-04066 was reassigned to District Judge Petrese B. Tucker. It appears that J.C. has yet to file an amended complaint in that action, and has instead filed motions for partial summary judgment and judgment on the pleadings, and a motion for default judgment. Judge Tucker recently entered an order on March 20, 2018, directing J.C. to comply with the order issued by Judge Jones back in September 2017. Among other things, J.C. was directed to submit a consolidated amended complaint. The court also denied J.C.'s motions for summary judgment, judgment on the pleadings, and default judgment without prejudice as premature.

In the meantime, in January 2018, J.C. filed the current petition for writ of mandamus in this Court. A supplemental mandamus petition and motion to stay the District Court proceedings were filed on April 9, 2018. The petitions are a far cry from a model of clarity. It appears, however, that J.C. seeks to challenge numerous decisions of the District Court, including the original decision to consolidate the two cases and District Judge Jones' action in issuing the consolidation order despite his recusal, as well

4

as Judge Tucker's recent decision once again directing J.C. to file a consolidated amended complaint. To the extent that J.C. is challenging any order other than those touching upon District Judge Jones' consolidation determination, we do not hesitate to conclude that mandamus relief is not warranted.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Notably, mandamus is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006); In re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997), abrogated on other grounds, Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100 (2009).

The circumstances here are not extraordinary, and J.C. has failed to show that he has no other adequate means to challenge the District Court's rulings. Any claims of error regarding the District Court's decisions to date can be set forth in an appeal from the adverse rulings once a final judgment is entered. J.C. is correct in his assertion that we nonetheless have discretionary power to review certain interlocutory orders of the District Court under the All Writs Act, 28 U.S.C. § 1651. See La Buy v. Howes Leather Co., 352 U.S. 249 (1957); Texaco, Inc. v. Borda, 383 F.2d 607 (3d Cir. 1967); 9 James Wm. Moore et al., Moore's Federal Practice ¶ 110.26 (2d ed. 1975). This supervisory

control, however, is limited to cases of clear abuse of the District Court's discretion, see La Buy, 352 U.S. at 257, and is available only "when necessary to prevent grave injustice." Bogosian v. Gulf Oil Corp., 738 F.2d 587, 591 (3d Cir. 1984). J.C. has failed to make any such showing and we perceive no "grave injustice" here.

J.C.'s challenge to the consolidation order issued by District Judge Jones and the subsequent order denying reconsideration of that decision cannot be disposed of so easily, however. As noted, Judge Jones issued those orders after concluding that his recusal was warranted under 28 U.S.C. §§ 455(a), (b)(1). "Once a judge has disqualified himself, he . . . may enter no further orders in the case. His power is limited to performing ministerial duties necessary to transfer the case to another judge (including the entering of 'housekeeping' orders)." Moody v. Simmons, 858 F.2d 137, 143 (3d Cir. 1988) (citations omitted). It is thus necessary to determine whether the consolidation order can truly be characterized as "housekeeping" in the context in which it was entered in this case.

"A ministerial act is usually defined as an act that is essentially clerical and does not involve the exercise of discretion or judgment." United States v. O'Keefe, 128 F.3d 885, 891 (5th Cir. 1997) (citing United States ex rel. McLennan v. Wilbur, 283 U.S. 414, 420 (1931)). Consolidating cases that "involve a common question of law or fact" is a proper exercise of the District Court's broad discretion under Fed. R. Civ. P. 42(a)(2). See Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P., 785 F.3d 96, 100 (3d Cir. 2015). Accordingly, while such an order may be a case

6

management one, we cannot conclude that it is a mere housekeeping order as contemplated by Moody. Thus, when District Judge Jones acted on the show cause order regarding consolidation and J.C.'s subsequent reconsideration motion, he performed a discretionary act. That does not mean, however, that the "wholesale vacatur" of these orders is required. See, e.g., In re Sch. Asbestos Litig., 977 F.2d 764, 787 (3d Cir. 1992).

We use the "harmless error" standard to determine whether orders that a judge issues after the judge has, or should have, recused himself must be vacated. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 862 (1988). Under this test, we examine: "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." Id. at 864.

We cannot conclude that there exists any risk of injustice to the parties here. Judge Jones recused sua sponte as soon as he became aware that he knew certain defendants. Moreover, two disinterested judges – Judges McHugh and Pratter – had already given preliminary consideration to the relatedness of the two actions and/or the appropriateness of consolidation. Thus, J.C. has suffered no prejudice from the entry of the consolidation order by Judge Jones. We likewise fail to see how this decision, given the particulars presented here, is likely to produce injustice in other cases. Finally, we conclude that there is little to no risk of undermining the public's confidence in the judicial process. Indeed, vacating Judge Jones' consolidation order that was initiated by the actions of two other judges would appear to be a waste of judicial resources. We thus

7

believe that Judge Jones' error in issuing the consolidation order and denying J.C.'s effort to have that decision reconsidered was harmless.

However, out of an abundance of caution and to assure public confidence with respect to the consolidation order without disrupting this litigation any more than necessary, we will authorize, but not require, District Judge Tucker to consider anew the parties' responses to Judge Pratter's show cause order regarding the consolidation issue upon the parties' requests. See, e.g., In re Sch. Asbestos Litig., 977 F.2d at 787. To prevent undue delay, the parties should file, in E.D. Pa. Civ. No. 13-cv-04066, any such requests within twenty-one days of the date of this decision. We realize that, given the court's recent entry of the order on March 20, 2018, the court might deem such action unnecessary and choose, instead, to proceed with its own scheduling order. We are confident that the parties will be advised accordingly by the District Court.

For the foregoing reasons, we will deny the petitions for writ of mandamus as well as the motion to stay the District Court proceedings.