**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DONALD E. ARMSTRONG,

      Plaintiff-Appellant,

v.

KENNETH A. RUSHTON, Trustee,

      Defendant-Appellee.

No. 03-4039
(D.C. No. 2:02-CV-1394-TC)
(D. Utah)

---

**ORDER AND JUDGMENT**   *

---

Before **McCONNELL** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On November 26, 2002, the district court enjoined plaintiff-appellant Donald E. Armstrong from filing any further pleadings relating to the

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

confirmation order in his Chapter 11 bankruptcy case pending this court's resolution of his appeal of that order. Armstrong did not appeal the November 26 order imposing the injunction.

On December 16, 2002, Armstrong filed a motion to proceed in forma pauperis (ifp) in the district court with his appeal of two separate bankruptcy-court orders. On January 3, 2003, he filed a motion to recuse the Honorable Tena Campbell. The district court denied both motions, and this appeal followed.

"The denial by a District Judge of a motion to proceed in forma pauperis is an appealable order." *Roberts v. United States Dist. Ct. for the N. Dist. of Cal.*, 339 U.S. 844, 845 (1950). We review that denial for abuse of discretion. *Cf. Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (reviewing dismissal under 28 U.S.C. § 1915(d)'s frivolousness standard).

The financial declaration attached to Armstrong's motion to proceed in forma pauperis shows that he earns $3000 per month and allocates $750 of that amount for court costs. R. Vol. I, Doc. 6 at 4, 8. Under these circumstances, the district court was well within its discretion to deny Armstrong ifp status.

With regard to the denial of the motion to recuse, we note that such an order is interlocutory, not final, and not immediately appealable. *Lopez v. Behles (In re Am. Ready Mix, Inc.*), 14 F.3d 1497, 1499 (10th Cir. 1994). Instead,

a petition for writ of mandamus is the appropriate means of seeking review of a judge's refusal to recuse. *In re Bennett*, 283 B.R. 308, 321 (B.A.P. 10th Cir. 2002). Because Armstrong is proceeding pro se, however, we will construe his notice of appeal as a petition for writ of mandamus. *See Boughton v. Cotter Corp.*, 10 F.3d 746, 750-51 (10th Cir. 1993).

While we generally review the refusal to recuse for abuse of discretion, here the higher standard of review for mandamus petitions will govern. *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995). Thus, Armstrong will have to demonstrate a "clear and indisputable right to relief" based on the district court's "clear abuse of discretion" or "usurpation of judicial authority." *Id.*

As noted above, rulings on motions to recuse are left to the discretion of the district court. *Id.* Because of their discretionary nature, recusal matters will rarely be the objects of mandamus relief. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980). Here, Armstrong's conclusory allegations of bias and the fact that Judge Campbell has ruled against him a number of times is insufficient to justify recusal, much less a writ of mandamus ordering recusal. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994). Armstrong did not establish a clear and indisputable right to mandamus relief.

To the extent Armstrong attempts in his opening brief to argue the propriety of the litigation injunction, we remind him that he did not appeal from the order

imposing the injunction and that it is too late now to do so. Any arguments except those relating to the order denying ifp and the order denying the motion to recuse are irrelevant to this appeal.

As we have noted in several other decisions issued this day, the fact that the Bankruptcy Appellate Panel of this court has recently found that the bankruptcy court lacked jurisdiction to enter criminal contempt sanctions against Armstrong in a related matter has no bearing on this appeal. Armstrong's May 7, 2003, motion for the court to obtain the record in bankruptcy case No. 00-26592, or, in the alternative for the appellant to file an appendix, for extension of time and/or for stay is DENIED. Armstrong's motion to file a supplemental appendix, filed September 2, 2003, is GRANTED. As construed, the petition for writ of mandamus is DENIED. The order of the district court denying Armstrong ifp status is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Bobby R. Baldock
Circuit Judge