**IN RE SENATOR RONALD E. RUSSELL, Petitioner**
**v.**
**HONORABLE LEON KENDALL, Nominal Respondent, and**
**CHARLES W. TURNBULL, GOVERNOR OF THE**
**VIRGIN ISLANDS, Respondent**

D.C. Civ. App. No. 2006/223

District Court of the Virgin Islands

Division of St. Thomas and St. John

December 11, 2006

660

GOMEZ, *Chief Judge of the District Court of the Virgin Islands*; FINCH, *Judge of the District Court of the Virgin Islands*; and THOMPSON, *Judge of the District Court of New Jersey, sitting by designation.*

## MEMORANDUM OPINION

(December 11, 2006)

Senator Ronald E. Russell ("Russell"), a member of the Twenty-Sixth Legislature of the Virgin Islands, has filed a petition for a writ of mandamus against the Superior Court. For the reasons explained below, we will deny the petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from a civil proceeding in the Superior Court of the Virgin Islands.

In October, 2004, the Virgin Islands Legislature established the Supreme Court of the Virgin Islands pursuant to section 21(a) of the Revised Organic Act. 4 V.I.C. § 21(a). That act provided that the Supreme Court would have regular sessions on Charlotte Amalie, St. Thomas. In February, 2005, the Twenty-Sixth Legislature of the Virgin Islands ("Legislature") passed Act No. 6730. Section 61 of Act No. 6730 amended 4 V.I.C. § 21(b)(2) to provide that the Supreme Court would have regular sessions on St. Croix. Governor Charles Turnbull (the "Governor" or "Governor Turnbull") vetoed section 61 of Act No. 6730. The Legislature overrode the veto, thereby requiring the Supreme Court to hold regular sessions on St. Croix. *See* 4 V.I.C. 21(b)(2).

On September 18, 2005, the Legislature passed Act No. 6816 to provide funding for the construction and establishment of the Supreme Court on St. Croix. The Governor vetoed the act on December 2, 2005. On December 15, 2005, the Legislature overrode the veto.

661

On July 28, 2006, the Governor filed a complaint, *Governor Turnbull v. Twenty-Sixth Legislature of the Virgin Islands,* Super. Ct. Civ. No. 06-CV-394. The Governor's complaint seeks declaratory relief that the Legislature had no authority to relocate the Supreme Court sessions from St. Thomas to St. Croix. Specifically, Governor Turnbull sought the Superior Court to declare Act Nos. 6730 and 6816 null and void and violative of sections 8 and 2(b) of the Revised Organic Act. Additionally, the Governor sought a declaration that regular sessions of the Supreme Court shall be held on St. Thomas.

Superior Court Judges Rhys S. Hodge and Brenda J. Hollar both recused themselves from participation in *Turnbull v. Twenty-Sixth Legislature* on July 31, 2006 and August 28, 2006, respectively. The matter was then assigned to Judge Kendall.

On August 21, 2006, Senator Russell' filed a document entitled "Notice of Removal" in the Superior Court which read as follows:

> COMES NOW, Defendant, Twenty-Sixth Legislature of the Virgin Islands, by and through, undersigned co-counsel, and hereby moves this Court to remove this case to the District Court of the Virgin Islands because this case involves a federal question. The federal question arises because the complaint alleges a violation of a congressional act as provided in 48 U.S.C. § 1541(b) and § 1574, i.e. the Revised Organic Act of ... . 1954, § 2(b) and § 8 of the Act.

> Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Because plaintiff's complaint "arises under" a law of the United States, the District Court of the Virgin Islands is the proper venue for this case.

> WHEREFORE, defendant prays that this matter be removed to the District Court of the Virgin Islands, Division of St. Thomas.

[Pet. Ex. 2.] On August 22, 2006, Russell filed a document entitled "Amended Notice of Removal" in the Superior Court, changing the first sentence to read:

> COMES NOW, Ronald E. Russell, Esq., as a member of the twenty-sixth legislature elected from the district of St. Croix, as a resident of St. Croix, as an Officer of the Court and a member of

the Virgin Islands Bar Association, and as the primary sponsor of the provisions of the law challenged by Charles W. Turnbull, PhD, Governor of these United States Virgin Islands and hereby moves this Court to remove this case to the District Court of the Virgin Islands because this case involves a federal question.

Both documents Russell filed were signed by himself.

On September 12, 2006, Governor Turnbull filed a motion to strike Russell's notice of removal. The Governor noted that Russell's notice was procedurally defective under 28 U.S.C. § 1441 because Russell was not a named defendant and had not been given permission from the Superior Court to intervene.

On September 18, 2006, Judge Kendall ordered that counsel for the defendant immediately enter his or her appearance. He further ordered that within ten days the defendant shall file its opposition to the Governor's motion to strike.

In response to the September 18, 2006, order, Attorney Douglas A. Brady entered a notice of appearance for the defendant. Attorney Brady also filed a notice that the defendant would take no position regarding the Governor's motion to strike.

On October 23, 2006, Judge Kendall entered an order granting Governor Turnbull's motion to strike. The order explained that Russell's notice of removal and amended notice of removal were both procedurally defective because 28 U.S.C. § 1446 requires that such a notice be filed in the District Court, not the Superior Court. Judge Kendall's order also stated Russell was not a defendant and thus was not entitled to remove the matter under 28 U.S.C. § 1441. Finally, the order noted that jurisdiction over federal questions is not exclusive to the federal courts.

On December 5, 2006, Russell petitioned this Court for a writ of mandamus directing the trial judge to hold no further proceedings in *Turnbull v. Twenty-Sixth Legislature* in the Superior Court; to cancel a hearing scheduled for December 13, 2006; and to remove *Turnbull v. Twenty-Sixth Legislature* to federal court. Russell also seeks a writ directing Judge Kendall to recuse.[1]

---

[1] Russell's brief also indicates that one of the issues presented is whether the Governor violated the separation of powers doctrine. However, this substantive issue is not properly before this Court as it is not the proper subject of a petition for a writ of mandamus. *See Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 383, 74 S. Ct.

This Court examined the District Court's records and determined that no notice of removal had been filed in the District Court. In an abundance of caution, on December 7, 2006, this Court directed the parties to file a copy of any notice of removal or any indicia of a notice of removal in *Turnbull v. Twenty-Sixth Legislature,* that may have been filed in the District Court of the Virgin Islands pursuant to 28 U.S.C. §§ 1441-1446. Such filings were due no later than 3:00 p.m. on December 8, 2006.

Russell subsequently filed a response in the Appellate Division of the District Court averring he had inadvertently filed a notice of removal only in the Superior Court. He attached to his response a document captioned "Amended Notice of Removal" that had been filed in the Superior Court. This Court received no filings indicating that any notice of removal had ever been previously filed in the District Court.

At 3:50 p.m., on Friday, December 8, 2006, Russell filed a document captioned "(Second) Amended Notice of Removal" in the District Court.[2]

## II. JURISDICTION

As a court with potential appellate jurisdiction over the underlying matter pending before the Superior Court, this Court has authority to consider and determine petitions for writs of mandamus to the judges of the Superior Court. *See* The Omnibus Justice Act of 2005, Act No. 6730, § 54 (amending Act No. 6687 (2004), which repealed V.I.C. §§ 33-40, and reinstating appellate jurisdiction in this Court); SUPER. CT. R. 13(a); *see also In re Richards,* 213 F.3d 773, 780, 42 V.I. 469 (3d Cir. 2000).

## III. ANALYSIS

### A. Standing

 In order for a party to obtain relief in this Court, that party must have standing.[3] *C&C/Manhattan v. Gov't of the V.I.,* D.C. Civ. App. No.

---

145, 98 L. Ed. 106 (1953) ("[I]t is established that the extraordinary writs cannot be used as substitutes for appeals.").

[2] That document was the first filing received in the District Court that would appear to be filed pursuant to §§ 1441 and 1446.

[3] While "this constitutional requirement [of standing] is stated as one for Article III courts and is not otherwise specified in our statutes, our courts have adopted the federal standing requirement as a matter of prudential consideration." *C&C/Manhattan v. Gov't*

2001/028, 46 V.I. 377, 2004 U.S. Dist. LEXIS 24543, at *9-10 (D.V.I. App. Div. Nov. 29, 2004). To establish standing, a party must demonstrate "(1) an 'injury in fact, economic or otherwise'; and (2) that he is within the zone of interests intended to be protected by applicable law." 46 V.I. 377, 2006 U.S. Dist. LEXIS 24543, at *10. "[T]he injury must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. 560 n.1.

Russell petitioned this Court not on behalf of the entire Legislature, but as an individual member in his official capacity. Russell's filing of the document entitled "Amended Notice of Removal" was also not on behalf of the entire Legislature.

"The legislative power and authority of the Virgin Islands shall be vested in a legislature, consisting of one house, to be designated the 'Legislature of the Virgin Islands' ... ." V.I.C. Rev. Org. Act of 1954 § 5; 48 U.S.C. § 1571. The term 'legislative power and authority' is defined in 48 U.S.C. § 1574:

> The legislative authority and power of the Virgin Islands shall extend to all rightful subjects of legislation not inconsistent with this [Revised Organic] Act or the laws of the United States made applicable to the Virgin Islands ...

48 U.S.C. § 1574. "There shall be fifteen members of the Legislature, to be known as senators." 2 V.I.C. § 102. These statutes explain that the individual senators make up the body of the legislature, and that the legislative power is invested in that body, rather than the individual legislators. The only defendant named in *Turnbull v. Twenty-Sixth Legislature* is the Twenty-Sixth Legislature. Russell is not a named party.

 Individual legislators generally do not have standing to vindicate the rights of an entire legislative body.[4] *See Raines v. Byrd*, 521 U.S.

---

*of the V.I.*, D.C. Civ. App. No. 2001/028, 46 V.I. 377, 2004 U.S. Dist. LEXIS 24543, at *9-10 (D.V.I. App. Div. Nov. 29, 2004) (citing *Donastorg v. Gov't of V.I.*, 45 V.I. 259 (Terr. Ct. 2003) and *Environmental Assoc. of St. Thomas and St. John v. Department of Planning and Natural Res.*, 44 V.I. 218 (Terr. Ct. 2002)).

[4] Individual legislators may file suits in their official capacity under certain circumstances not present here. *See Pataki v. N.Y. State Assembly*, 7 A.D.3d 74, 80, 774 N.Y.S.2d 891 (N.Y. App. Div. 2004) (noting that in matters involving legislator standing,

811, 117 S. Ct. 2312, 138 L. Ed. 2d 849 (1997) (discussed below). Similarly, an individual legislator may not properly file an appeal or a petition for a writ of mandamus in response to a lawsuit filed against the entire legislature.

In *Raines v. Byrd*, the United States Supreme Court held that six members of Congress did not have standing to sue the Secretary of the Treasury and the Director of the Office of Management and Budget, alleging that the Line Item Veto Act they voted against was unconstitutional. *Raines*, 521 U.S. at 811. The Court found that the claim alleged was an "institutional injury (the dimunition of legislative power), which necessarily damage[d] all Members of Congress and both Houses of Congress equally." *Id.* at 821. The Court distinguished an older case, *Coleman v. Miller*, 307 U.S. 433, 59 S. Ct. 972, 83 L. Ed. 1385 (1939), that granted standing to a group of twenty state legislators explaining that *Coleman* stood for the notion that "legislators whose votes would have been sufficient to defeat (or enact) a specific legislative act have standing to sue if that legislative action goes into effect (or does not go into effect), on the ground that their votes have been completely nullified." *Id.* at 823.

The *Raines* Court explained that it "attach[ed] some importance to the fact that appellees have not been authorized to represent their respective Houses of Congress in this action, and indeed both Houses actively oppose their suit." *Id.* at 829. In a footnote, the Court also quoted *Bender v. Williamsport Area School District*,[5] 475 U.S. 534, 544, 106 S. Ct. 1326, 89 L. Ed. 2d 501 (1986), which held that "[g]enerally speaking, members of collegial bodies do not have standing to perfect an appeal the body itself has declined to take. ..." *Id.* at 829 n.10. In that same footnote, the *Raines* Court also quoted *United States v. Ballin*, 144 U.S. 1, 7, 12 S. Ct. 507, 36 L. Ed. 321 (1892), which provided some reasoning for the lack of standing in one individual member:

---

only nullification of votes or usurpation of power, if sufficiently demonstrated, will confer standing).

[5] *Bender* involved a school board member who filed an appeal from a declaratory judgment against the school board. The *Bender* Court explained "We conclude that although the School Board itself had a sufficient stake in the outcome of the litigation to appeal, an individual Board member cannot invoke the Board's interest, in the case to confer standing upon himself." 475 U.S. at 536.

> The two houses of Congress are legislative bodies representing larger constituencies. *Power is not vested in any one individual,* but in the aggregate of the members who compose the body, and its action is not the action of any separate member or number of members, but the action of the body as a whole.

*Raines,* 521 U.S. at 829 n.10 (quoting *Ballin,* 144 U.S. at 7) (emphasis added).

Much like the *Raines* Court observed, the power of the Virgin Islands Legislature is vested in the body, not any one individual. V.I.C. Rev. Org. Act of 1954 § 5. Neither the Revised Organic Act nor the Virgin Islands Code provide a single legislator with the authority to act on behalf of the entire legislature.

The interests that Russell seeks to protect with a writ, are purported obligations that would (1) require the Superior Court to remove *Turnbull v. Twenty-Sixth Legislature* to federal court; and (2) require Judge Kendall to recuse himself. These interests are not particularized to Russell nor are they personal to Russell as an individual. Similar to the injuries alleged in *Raines,* the interests here affect the Legislature as a whole body, as the named defendant in *Turnbull v. Twenty-Sixth Legislature.* The circumstance presented here, where an individual member of a legislative body seeks relief on behalf of the body, is no different than the circumstance in *Raines.* The result will be no different.

Accordingly, we find that Russell lacks standing to bring this petition. Even if Russell did have standing, however, as we discuss below, this Court is not convinced that he would be entitled to a writ.

## B. Writ of Mandamus

It is well recognized that a writ of mandamus is an extraordinary remedy, only to be issued in "exceptional circumstances amounting to a judicial 'usurpation of power.'" *Citibank, N.A. v. Fullam,* 580 F.2d 82, 86 (3d Cir. 1978) (quoting *Will v. United States,* 389 U.S. 90, 95, 88 S. Ct. 269, 19 L. Ed. 2d 305 (1967)); *see also In re Catawba Indian Tribe,* 973 F.2d 1133, 1135 (4th Cir. 1992) ("The very power of the writ of mandamus demands that its availability be limited to narrow circumstances lest it quickly become a shortcut by which disappointed litigants might circumvent the requirements of appellate procedure mandated by Congress."). For a writ of mandamus to issue, the petitioner

must show "no other adequate means to attain the desired relief, and ... a right to the writ [that] is clear and indisputable." *In re Patenaude*, 210 F.3d 135, 141 (3d Cir. 2000).

■ It is well established that a writ may only issue to direct one to perform an obligatory duty:

> Under the established rule the writ of mandamus cannot be made to serve the purpose of an ordinary suit. It will issue only where the duty to be performed is ministerial and the obligation to act peremptory, and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable.

*United States ex rel. McLennan v. Wilbur*, 283 U.S. 414, 420, 51 S. Ct. 502, 75 L. Ed. 1148 (1931) (citations omitted); *see also Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289, 108 S. Ct. 1133, 99 L. Ed. 2d 296 (1988) ("The federal courts traditionally have used the writ only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." (internal quotations omitted)); *Emergency Disaster Loan Asso. v. Block*, 653 F.2d 1267, 1270 (9th Cir. 1981) (denying writ when action was discretionary, not obligatory).

### 1. Removal

#### a. *Mandamus as a Vehicle to Obtain Removal*

At the core of Russell's request, is a desire to have *Governor v. Twenty-Sixth Legislature* removed from the Superior Court. Title 28, section 1441 of the United States Code explains the general rule for when a matter may be removed to federal court:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Title 28, section 1446 of the United States Code provides the procedure for removal:

(a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal ... containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446 ("section 1446").

This Court may only issue a writ directing Judge Kendall to remove *Turnbull v. Twenty-Sixth Legislature* if we find he had an obligation to do so. *See United States ex rel. McLennan v. Wilbur*, 283 U.S. at 420; *Emergency Disaster Loan Asso.*, 653 F.2d at 1270 (denying writ when action was discretionary, not obligatory); *Montgomery County v. Leavitt*, 445 F. Supp. 2d 505, 514 (D. Md. 2006) ("Mandamus is not justified in this case, as the Secretary has no duty to issue the section 384(1) certification.").

██ ██ Removal is in the hands of the defendant. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant* ... ." (emphasis added)). To remove a case, the defendant need only follow the procedure set forth in section 1446. Removal is not an act which is. within the control of a state court judge. Because Judge Kendall lacked the authority to remove the case, he certainly had no obligation to remove the matter. Accordingly, issuing a writ of mandamus directing Judge Kendall to remove *Turnbull v. Twenty-Sixth Legislature* is not an appropriate remedy. Even if it were an appropriate remedy, Russell's

petition fails to satisfy the two prong test that would require mandamus relief..

### b. Lack of Other Adequate Means for Relief

■ To obtain mandamus relief, Russell must demonstrate he lacks any other adequate means for relief. The normal means for relief when a defendant seeks the removal of a matter filed in state court is to file a notice of removal in the District Court. Russell could have followed the procedures for removal clearly set forth in section 1446. Instead, Russell only filed a document captioned "Notice of Removal" in the Superior Court. This Court has looked at the District Court's records and determined that no notice of removal was filed in the District Court until December 8, 2006. Russell chose not to avail himself of the normal means for relief. Even assuming mandamus were appropriate for removal, Russell has not demonstrated that he had no other adequate means for relief to have *Turnbull v. Twenty-Sixth Legislature* removed.

### c. Clear and Indisputable Right to Relief

Russell must also show that he has a clear and indisputable right to relief. While the statute specifically states the defendant shall file the notice of removal in the district court to which the matter would be removed, Russell filed his notices in the Superior Court. Russell failed to follow, the statutory procedure. A writ may only issue directing a non-discretionary, obligatory action. The filing of the notice in the federal court is the sine qua non of removal. Judge Kendall did not fail to fulfill any obligation upon Russell's filing of his notice in the Superior Court.

■ Russell has now filed a notice of removal in the District Court. Yet, there is still no evidence on the record that Judge Kendall has failed to take any action required of him. Because Judge Kendall has not violated any legal set of circumstances with which he was presented, Russell does not have a clear and indisputable right to relief and the writ will not issue with regard to removal.

### 2. Recusal

Russell also seeks a writ directing Judge Kendall to recuse from *Turnbull v. Twenty-Sixth Legislature*. Under title 4, section 284 of the Virgin Islands Code, "[n]o judge or justice shall sit or act as such in any action or proceeding ... [w]hen it is made to appear probable that, by

670

reason of bias or prejudice of such judge, a fair and impartial trial cannot be had before him." In the context of a writ of mandamus, Russell must still satisfy the two prong test by demonstrating he lacks an alternative means for relief and has a clear and indisputable right to relief.

### a. Lack of Other Adequate Means for Relief

■ Ordinarily, before seeking a writ of mandamus directing a trial judge to take a certain action, one must first make the request of the trial judge. "When it is manifest that a specific application or request to an officer against whom mandamus is sought would be useless, the remedy may be invoked without first making such a request or application." *Mears v. Hall,* 263 Ark. 827, 836, 569 S.W.2d 91 (1978); *see also United States v. Pearson,* 203 F.3d 1243, 1262 (10th Cir. 2000) ("If the judge appears biased, a defendant may file a motion for recusal. ... If the judge denies that request, the defendant may challenge that decision prior to trial by filing a petition for a writ of mandamus or prohibition with this court.'").

■ Russell has provided no evidence that he, or any other party, in *Turnbull v. Twenty-Sixth Legislature,* has ever moved for Judge Kendall's recusal. Nor has Russell given any evidence that such a motion would be useless. Russell cannot establish that he does not have adequate alternative means for relief, as he can move for Judge Kendall's recusal.

### b. Clear and Indisputable Right to Relief

"A petitioner seeking mandamus relief must demonstrate a clear abuse of discretion, or conduct by the district court amounting to a usurpation of judicial authority." *Nichols v. Alley,* 71 F.3d 347, 350 (10th Cir. 1995) (citing *Mallard v. United States District Court,* 490 U.S. 296, 309, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989)). *Compare Armstrong v. Rushton,* 101 Fed. Appx. 775, 777 (10th Cir. 2004) (unpublished) ("Armstrong's conclusory allegations of bias and the fact that Judge Campbell has ruled against him a number of times is insufficient to justify recusal, much less a writ of mandamus ordering recusal. Armstrong did not establish a clear and indisputable right to mandamus relief.") *with Nichols,* 71 F.3d at 349, 352 (granting petition for a writ of mandamus seeking recusal of trial judge who would preside over petitioner's trial of bombing federal building when the explosion injured a member of the judge's staff and other court personnel).

Russell's petition states only that two other judges have recused. There is nothing in the record before this Court that establishes that a fair and impartial trial cannot be had before Judge Kendall. Even assuming Russell had moved for Judge Kendall's recusal, Russell has not established a clear and indisputable right to relief. Accordingly, a writ will not issue with regard to recusal.

### 3. Cancellation of December 13, 2006, Hearing and Further Proceedings

Finally, Russell seeks a writ directing Judge Kendall to hold no further proceedings in *Turnbull v. Twenty-Sixth Legislature,* including the December 13, 2006, hearing. That claim for relief is without a legal basis, thus our discussion will be cursory. A writ of mandamus is only available to direct one to perform an obligatory duty. There is no evidence before this Court to indicate that Judge Kendall was obligated to either cancel the hearing or to cease any further proceedings.[6] Significantly, there is also no law to support Russell's claim. As such, a writ will not issue to direct the Superior Court to cease all activity in *Turnbull v. Twenty-Sixth Legislature.*

### IV. CONCLUSION

In essence, while Russell's efforts in seeking relief through a petition for a writ of mandamus may be driven by a desire to further the interests of the Legislature, those efforts conflict with the rule of law. First, while this Court generally has jurisdiction to review petitions for writs of mandamus, petitioners must have standing for the Court to have jurisdiction over a specific petition. As an individual legislator, Russell cannot establish standing to vindicate the rights of the entire Twenty-Sixth Legislature. Second, as a procedural matter, Russell's petition cannot prevail because a writ of mandamus is not the appropriate remedy under these circumstances. Even if it were, he has not met the substantive threshold requirements to establish that he has no alternative means to

---

[6] Indeed, Russell's petition does not discuss the basis for relief as to these two issues in detail. They seem to be related to the issues of removal and the recusal of Judge Kendall. The final remedy Russell seeks is only available if he were entitled to relief on either of those issues. We have held he is not. Thus, Russell is not entitled to relief on this issue either.

relief or that his right to a writ is clear and indisputable. Accordingly, we will deny the petition.