**GERARD LUZ JAMES II, In His Individual Capacity, and MARY L. MOORHEAD, In Her Individual Capacity, Petitioners**
**v.**
**HONORABLE JOHN P. DE JONGH, JR., GOVERNOR OF THE VIRGIN ISLANDS OF THE UNITED STATES, Respondent**

Case No SX-09-CV-319

Superior Court of the Virgin Islands

Division of St. Croix

December 23, 2009

202

EMILE A. HENDERSON III, ESQ., Law Offices of Yvette Ross-Edwards, Frederiksted, St. Croix, USVI, *Attorney for Petitioners.*

CAROL THOMAS-JACOBS, ESQ., ERIKA SCOTT, ESQ., Department of Justice, Office of the Attorney General, St. Thomas, USVI, *Attorneys for Respondent.*

DONOHUE, *Judge*

## MEMORANDUM OPINION

(December 23, 2009)

**THIS MATTER** is before the Court on a Verified Petition for Writ of Mandamus filed by Petitioners, Gerard Luz James II, in His Individual

203

Capacity, and Mary L. Moorhead, in Her Individual Capacity (hereinafter "Petitioners").[1] Respondent, Honorable John P. deJongh, Jr., Governor of the Virgin Islands of the United States (hereinafter "Respondent") filed an Answer thereto.

## I. FACTUAL and PROCEDURAL BACKGROUND

Pursuant to Public Law 94-584 § 1,[2] the United States Congress (hereinafter "Congress") authorized "the peoples of the Virgin Islands and of Guam, respectively, to organize governments pursuant to constitutions of their own adoption . . . ." Section 2(a) of Pub. L. No. 94-584 further provides that "[t]he Legislatures of the Virgin Islands and Guam, respectively, are authorized to call constitutional conventions to draft, within the existing territorial-Federal relationship, constitutions for the local self-government of the people of the Virgin Islands and Guam."

The 25th Legislature of the Virgin Islands (hereinafter "V.I. Legislature") enacted Act No. 6688,[3] which established the Fifth Constitutional Convention (hereinafter "Convention"). In accordance with Act No. 6688(1)(b), the Convention was tasked with preparing and agreeing upon a draft of the constitution of the Virgin Islands. Act No. 6688(1)(o) proscribed the procedure in which the proposed constitution would be handled once adopted by the Convention. The Convention was required to adopt a proposed constitution no later than

---

[1]  The Verified Petition for Writ of Mandamus was originally filed by The Fifth Constitutional Convention; Gerard Luz James, II, Officially as President of the Convention and in His Individual Capacity; and Mary L. Moorhead, Officially as Secretary of the Convention and in Her Individual Capacity. On July 30, 2009, Respondent filed a Motion to Dismiss arguing that the enabling statutes did not give the Convention or its delegates the authority to sue or be sued. Petitioners countered that even if the Convention and its President and Secretary in their official capacities could not file suit, James and Moorhead in their individual capacities should be allowed to proceed under 5 V.I.C. § 80. On October 13, 2009, the Court issued an Order dismissing the action as to Petitioners, The Fifth Constitutional Convention; Gerard Luz James, II, Officially as President of the Convention; and Mary L. Moorhead, Officially as Secretary of the Convention. The Court held that the Convention, and James and Moorhead acting in their respective official capacities did not have authority to act beyond the powers given to them as enumerated in Act No. 6688. The Court held, nonetheless, that Petitioners James and Moorhead had taxpayer standing to proceed in their individual capacities because the issue presented was one of great public importance and interest to the Territory of the Virgin Islands that warranted judicial review.

[2]  As amended by Pub. L. 96-597.

[3]  As amended by Act Nos. 6820, 6839, 6934, 6969, 6970, 7055, 7057, and 7061.

May 31, 2009.[4] The Governor of the Virgin Islands had ten days to forward the proposed constitution to the President of the United States (hereinafter "President") once it was delivered to him by the Convention. *See* Act No. 6688(1)(o). It is undisputed that the Convention delivered the proposed Constitution to Respondent on June 1, 2009.

The Verified Petition for Writ of Mandamus, filed on June 30, 2009, alleges that Respondent failed to forward the proposed Constitution to the President within the ten days required by Act No. 6688. Petitioners argue that Respondent's act of not forwarding the proposed Constitution to the President is in violation of Pub. L. No. 94-584 and Act No. 6688 as neither law allows Respondent to modify, amend, veto, or withhold the proposed Constitution. Respondent admits that the proposed Constitution was not forwarded to the President. Respondent's argument appears to be that the proposed Constitution does not comply with the requirements of Pub. L. No. 94-584 § 2(b) and because of this, was apparently not forwarded to the President. Respondent makes no further supporting argument regarding non-compliance.

On July 14, 2009, Respondent filed a Motion to Compel, arguing that petitions for writ of mandamus must be pled according to the Rules 10(b) and 8(a)(2) of the Federal Rules of Civil Procedure. Respondent asserted his difficulty with responding to the Verified Petition for Writ of Mandamus because the allegations were set forth in narrative form instead of numbered paragraphs. This Court held that a petition for writ of mandamus need not strictly be pled in compliance with Federal Rules 8(a)(2) and Rule 10. Additionally, the Court found that the Petition did not suffer from such pleading or procedural defects that would render it unanswerable. Therefore, this Court held it was unnecessary to order Petitioners replead the Petition, and ordered Respondent to file any responsive pleading to the Verified Petition for Writ of Mandamus within ten days. On October 27, 2009, rather than filing a response that substantively argued the merits of Petitioners' claims, Respondent filed an Answer to Verified Petition for Writ of Mandamus numerically denying or admitting the Petitioners' allegations and asserting defenses and affirmative defenses.

---

[4]    As amended by Act No. 7055.

## II. STANDARD and DISCUSSION

■ The Court's authority to grant mandamus relief is found in Title 5, Section 1361(a) of the Virgin Islands Code, which provides:

> [that the court] may issue a mandatory order to any inferior court, corporation, board, officer, or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station . . . The order shall not be issued in any case where there is a plain, speedy, and adequate remedy in the ordinary course of the law.

In short, Section 1361(a) states that a mandamus order may be issued to compel an officer to perform a duty resulting from an office, trust, or station. Respondent, as the Governor of the Virgin Islands, is the chief executive officer of the Virgin Islands[5] and therefore, falls within the Court's jurisdiction as a public officer. Nonetheless, before mandamus relief may be granted, Virgin Islands law mandates that a court find: (1) the Petitioner has a clear right to the relief sought, (2) Respondent has a plainly defined and peremptory duty to do the act in question, and (3) there is no other adequate remedy available. *See Donastorg v. Gov't of Virgin Islands*, 45 V.I. 259, 273 (Terr. Ct. 2003); *Goodwin v. St. Thomas-St.John Bd. of Elections*, 43 V.I. 89, 97 (Terr. Ct. 2000). "Mandamus relief is an extraordinary remedy and should only be issued if there are compelling circumstances." *Donastorg*, 45 V.I. at 273.

■ Petitioners allege that they have a clear right as individual taxpayers to have the Court issue a writ of mandamus because Respondent is in violation of Pub. L. No. 94-584 and Act No. 6688. Petitioners do have the right as individual taxpayers to *seek* mandamus relief from the Court; nevertheless, the Court must still find that all the three requirements are met before such relief is granted. If Petitioners demonstrate a clear right to the relief sought, that Respondent failed to perform a plainly defined and peremptory duty, and there is no other adequate remedy available, mandamus relief would be appropriate under Title 5 V.I.C. § 1361.

■ This Court has previously determined that taxpayer standing may be granted where a petition for mandamus relief is sought to enforce a statutory duty of a public official, and the petitioner demonstrates that he

---

[5]    *See* Section 11 of the Revised Organic Act of 1954 (as amended).

or she is a taxpayer and that there is an issue of great public importance. *See* Case No: SX-09-CV-319, Order dated Oct. 13, 2009, pp. 8-10. This Court held that this is such a case — where the issue, of whether Respondent's failure to forward the proposed Constitution was a violation of statutory law, is an issue of great public concern to the Territory of the Virgin Islands warranting judicial review. *Id.*

The significant issue before the Court centers on whether Respondent had a plainly defined and peremptory duty to forward the proposed Constitution to the President and whether his failure to do so was contrary to Pub. L. No. 94-584 and/or Act No. 6688 making him susceptible to an order of mandamus. A finding that Respondent had a plainly defined and peremptory statutory duty, which he failed to perform, would constitute Petitioners' clear and indisputable right to mandamus relief. Specifically, "[a] party possesses a clear and indisputable right when the relief sought constitutes a specific, ministerial act, devoid of the exercise of judgment or discretion." *In re People of Virgin Islands*, 51 V.I. 374, 387 (V.I. 2009). Additionally, "[i]t is well established that a writ may only issue to direct one to perform an obligatory duty . . . It will issue only where the duty to be performed is ministerial and the obligation to act peremptory, and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Russell v. Kendall* 48 V.I. 659, 668 (D.V.I. 2006) (quoting *United States ex rel McLennan v. Wilbur*, 283 U.S. 414, 420, 51 S. Ct. 502, 75 L. Ed. 1148 (1931) (citations omitted)).

The Court must turn to the language of Pub. L. No. 94-584 and Act No. 6688 to determine whether Respondent failed to perform a mandated duty by not forwarding the proposed Constitution to the President of the United States. Section (1)(o) of Act No. 6688 reads:

> [T]he President of the Convention shall submit [the proposed Constitution] to the Governor of the Virgin Islands, in compliance with the provisions of Public Law 94-584, section 4, and **the proposed Constitution shall, within ten days after it was submitted to him, be submitted by the Governor to the President of the United States.** (emphasis added).

Section 4 of Pub. L. No. 94-584 provides:

> [T]he conventions shall submit to the Governor of the Virgin Islands a proposed constitution for the Virgin Islands and to the Governor of

207

Guam a proposed constitution for Guam which shall comply with the requirements set forth in section 2(b) above. **Such constitutions shall be submitted to the President of the United States by the Governors of the Virgin Islands and Guam**. (emphasis added).

"Courts must presume that a legislature says in a statute what it means and means in a statute what it says there. Consequently, the first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." *Joseph v. People of Virgin Islands*, 50 V.I. 873, 882, n.9 (D.V.I. 2008) (internal quotation marks and internal citations omitted). *See also Gov't of Virgin Islands v. Santiago*, 798 F. Supp. 274, 279, 27 V.I. 232 (D.V.I. 1992) (holding "if the statutory language is unambiguous, its plain meaning is regarded as conclusive except in rare and exceptional circumstances.") (internal quotation marks and citations omitted). "Furthermore, although literal interpretation of a statute is favored, the intention prevails over the letter, and thus no statute should be read literally if such a reading is contrary to its objective." *Gilbert*, 2009 V.I. Supreme LEXIS at *9. (citations and internal quotation and punctuation marks omitted).

■ The Court finds that the language of both statutes has a plain and unambiguous meaning. Section (1)(o) of Act No. 6688 clearly states "the proposed Constitution shall, within ten days after it was submitted to him, be submitted by the Governor to the President of the United States." Likewise, Section 4 of Pub. L. No. 94-584 states "such constitutions shall be submitted to the President of the United States by the Governor[] of the Virgin Islands. . . ." According to both Pub. L. No. 94-584 and Act No. 6688, the Governor of the Virgin Islands is required to submit the proposed Constitution to the President. Neither statute is ambiguous with regard to Respondent's role and neither statute contains language authorizing Respondent to act beyond the mandate to forward the proposed Constitution. The statutes unambiguously state Respondent's duty. His only duty regarding the proposed Constitution was to submit it to the President, within ten days after it was submitted to him. The Court notes that Respondent failed to raise the issue of vagueness or ambiguity in either statute. Therefore, the Court's inquiry ends with the plain and unambiguous meaning of Pub. L. No. 94-584 and Act No. 6688. *See Joseph*, 50 V.I. 873, 882, n.9; *Santiago*, 798 F. Supp. at 279.

■■ Moreover, there is no evidence of a contrary intention of the Congress or the V.I. Legislature. "[I]f the language of the statute expresses Congress's [sic] intent with sufficient precision, the inquiry ends there and the statute is enforced according to its terms." *In re Lord Abbett Mutual Funds Fee Litigation*, 553 F.3d 248, 254 (3d Cir. 2009) (quoting *United States v. Gregg*, 226 F.3d 253, 257 (3d Cir. 2000). *See also Gilbert v. People of Virgin Islands*, 2009 V.I. Supreme LEXIS 42, *9 (V.I. Oct. 6, 2009) (quoting *In re Infant Sherman*, 49 V.I. 452, 456 (2008) (holding "in construing a statute, if the intent of the Legislature is clear, that is the end of the matter."). If Congress or the V.I. Legislature intended to authorize any other action by Respondent, such language would have been written into the statutes. For instance, Pub. L. No. 94-584 § 5 specifies that within sixty calendar days of receiving a constitution, "the President shall transmit such constitution together with his comments to the Congress." Section 5 explicitly requires the President to transmit the constitution *with* his comments. There was no such authority given to Respondent. Likewise, section 5 authorizes Congress to "approve[] the constitution, or modif[y] or amend[] it, in whole or in part, by joint resolution." *See* Pub. L. No. 94-584 § 5. Therefore, Congress is authorized to make modifications and amendments. No such authority was given to Respondent. Seeing that authority to do anything beyond forward the proposed Constitution is absent in both statutes, and finding no ambiguity in the language of either statute, this Court is compelled to find that Respondent has failed to perform a clear and plainly defined statutory duty. Hence, the Court finds that the elements for an order of mandamus pursuant to Title 5 V.I.C. § 1361 have been met — Petitioners have a clear right to the relief requested, Respondent has a plainly defined and peremptory duty to do the act in question, and there is no other adequate remedy available.

### III. CONCLUSION

The Court finds that Respondent has a specific non-discretionary duty required by both Pub. L. No. 94-584 and Act No. 6688 to forward the proposed Constitution to the President of the United States. Respondent's failure to forward the proposed Constitution constitutes a violation of Pub. L. No. 94-584 and Act No. 6688. Within the confines of the language of both statutes, Respondent's duty entails only submitting the proposed Constitution to the President of the United States. The statutes authorize

nothing more and nothing less. There is no authority for Respondent to amend, modify, revise, withhold, or take any other action regarding the proposed Constitution beyond his enumerated duty. Consequently, it was not within Respondent's power to take contrary action by not forwarding the proposed Constitution to the President of the United States. Accordingly, mandamus relief is appropriate and Respondent shall be ordered to proceed with his duty pursuant to Pub. L. No. 94-584 and Act No. 6688 and forward the proposed Constitution to the President of the United States within ten (10) business days. An appropriate Order of even date follows.

## ORDER

For reasons stated in the accompanying Memorandum Opinion of the even date and having fully been advised of the premises therein, it is hereby

**ORDERED** that Petitioners' Verified Petition for Writ of Mandamus is hereby **GRANTED**. It is further

**ORDERED** that Respondent shall take the appropriate steps consistent with this Order and shall proceed with his duty pursuant to Pub. L. No. 94-584 and Act No. 6688 to forward the proposed Constitution to the President of the United States **within ten (10) business days**.

**DONE and SO ORDERED** this 23rd day of December, 2009.