**Alberto O. LOZADA COLON, Plaintiff,**

v.

**U.S. DEPARTMENT OF STATE,
et al., Defendants.**

Civil Action No. 97–1831.

United States District Court,
District of Columbia.

April 23, 1998.

Manuel Rivera, Jr., Arlington, VA, for Plaintiff.

Daria Jean Zane, U.S. Attorney's Office, Washington, DC, Philip Dean Bartz, U.S. Dept. of Justice, Civil Div., Washington, DC, for Defendants.

**44**

### MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

This matter comes before the Court on Defendants' Motion to Dismiss. In August of 1997, Plaintiff filed a Petition for a Writ of Mandamus to compel a decision by the Department of State on his application for a Certificate of Loss of Nationality ("CLN"). Defendants argue that because the State Department has finally issued its decision denying Plaintiff the certificate he seeks, Plaintiff's request is moot. Moreover, Defendants allege that Plaintiff's contention now that the Secretary of State's decision was wrong cannot properly be reviewed in a petition for a writ of mandamus.

Plaintiff, a United States Citizen born in Puerto Rico, seeks to renounce his United States citizenship and yet still reside and remain in Puerto Rico as a Puerto Rican national despite the fact that Puerto Rico is a territory of the United States. To that end, on September 23, 1996, Plaintiff appeared before a United States consular officer in the Dominican Republic and executed an oath of renunciation of nationality, as provided for in § 349(a)(6) of the Immigration and Nationality Act, 8 U.S.C. § 1481. The Vice-consul certified this act to the United States Secretary of State for approval or disapproval. If approved, a Certificate of Loss of Nationality would issue to the Plaintiff, as prescribed in § 358 of the Immigration and Nationality Act, 8 U.S.C. § 1501.

Nearly a year after Plaintiff had taken his oath of renunciation, the Secretary of State still had not returned a decision on the validity of his renunciation. Thus in August of 1997, Plaintiff filed a Petition for a Writ of Mandamus asking this Court to compel the State Department to make a decision as to Plaintiff's renunciation of citizenship. On August 26, 1997, this Court issued a show cause order directing the Department to state why the Writ should not issue within 60 days of the service of that order. The Department responded with a request to extend the time within which to respond given that it anticipated a decision from the Secretary of State on Plaintiff's certification shortly. On January 27, 1998, the Secretary of State disapproved Plaintiff's renunciation and de-clined to issue a Certificate of Loss of Nationality. Plaintiff was immediately notified of this decision. Thus, the Department contends that the case has become moot; there no longer remains any action to be taken by the State Department as requested by Plaintiff in his Petition before this Court.

Despite the fact that the State Department has issued its decision, Plaintiff contends that there still remains a valid claim for a Writ of Mandamus. While Plaintiff's Petition for the most part requests only a final decision from the Secretary of State, Plaintiff also seeks in his prayer for relief that this Court not only order the Secretary to render a decision, but render a positive decision in favor of Plaintiff's request for a certificate of loss of nationality. Given that the Department's decision was not in favor of Plaintiff's request, Plaintiff now contends that the decision was clearly in error. In support of his position, Plaintiff advances four alternative arguments: 1) since the denial of Plaintiff's certificate was not a final agency decision and thus not subject to judicial review, he argues that a writ of mandamus is the only adequate remedy available to him; 2) he argues that the issuance of a certificate is not a discretionary power of the Secretary of State; 3) he questions whether the State Department has the constitutional authority even to adjudicate such claims of renunciation; and 4) even if the Congress has legitimately conferred on the State Department the power to adjudicate, he argues that he has complied with each and every requirement of the statute.

■ Despite the Secretary's decision, Plaintiff contends that mandamus relief remains available in this case because the decision to deny certification is not legally cognizable as a final administrative determination under 8 U.S.C. § 1501. Section 1501 provides in relevant part, "Approval by the Secretary of State of a certificate under this section shall constitute a final administrative determination of loss of United States nationality under this chapter subject to such procedures for administrative appeal as the Secretary may prescribe by regulation, and also shall constitute a denial of a right or privi-

lege of United States nationality for purposes of section 1503 of this title." *Id.* Plaintiff argues that because the last sentence of this section states only that an approval of a certificate is a final administrative determination, the denial of one clearly is not. Accordingly, Plaintiff argues that without a writ of mandamus, there is no means by which he can appeal the Secretary's adverse decision.

Plaintiff reads the words of the statute out of context. The final sentence of the section refers only to approval of a certificate because its purpose is to delineate when the statute of limitations begins to run for purposes of an appeal to the Board of Appellate Review under 22 C.F.R. § 7.5 or an action under § 360 of the Immigration and Nationality Act, 8 U.S.C. § 1503. In both of these situations, a denial of a certificate is irrelevant because when one is denied, the individual retains citizenship and thus is not subject to a decision under either 22 C.F.R. § 7.5.(b)(1) (review of loss of nationality by the Board) or 8 U.S.C. § 1503 (review of loss of a right or privilege attendant to citizenship because of the determination that the individual is no longer a national). Accordingly, the absence of language pertaining to the denial of a certificate rather than approval of one in the last sentence of § 1501 cannot be construed to mean what Plaintiff argues: that while the approval of certification is an appealable final agency determination, the disapproval of certification is not. Thus, Plaintiff is mistaken; a writ of mandamus is not the only form of remedy available to him in this instance.

■ In the alternative, Plaintiff argues that the Secretary had no discretion to deny the issuance of a certificate of loss of nationality. He interprets the same language of § 1501 as discussed above to mean that the Secretary has only the authority to approve certification, but not deny it. However, § 1501 makes clear that the issuance of a certificate depends upon the Secretary's approval of the consular officer's report. It states, "Whenever a diplomatic or consular officer of the United States has reason to believe that a person while in a foreign state has lost his United States nationality ... he shall certify the facts upon which such belief is based to the Department of State.... *If* the report of ... the officer is approved by the Secretary of States, a copy of the certificate shall be [issued]." 8 U.S.C. § 1501 (emphasis added). The approval, or disapproval, of the issuance of certification is committed by statute to the discretion of the Secretary and thus not subject to this Court's mandamus jurisdiction. *See Murphy v. FDI,* 61 F.3d 34, 40–41 (D.C.Cir.1995).

■ Plaintiff also advances a quasi-constitutional argument that the Secretary must approve his certificate because of his inherent, natural right to expatriate. Yet even if one were to concede Plaintiff's argument that an individual has a fundamental right to expatriate, the Secretary of State still would have the discretion to determine whether an individual has adequately renounced affiliation with the United States so as to trigger that right. In this case, the Secretary determined that Plaintiff had not met the relevant criteria. In § 349 of the Immigration and Nationality Act, 8 U.S.C. § 1481, Congress set forth the circumstances under which a loss of nationality certification would issue. Section 349 makes clear that expatriation depends not only on the performance of an expatriating act, but also upon a finding that the individual performed such act "voluntarily" and "with the intention of relinquishing United States nationality." *Id.; see also Afroyim v. Rusk,* 387 U.S. 253, 87 S.Ct. 1660, 18 L.Ed.2d 757 (1967); *Vance v. Terrazas,* 444 U.S. 252, 100 S.Ct. 540, 62 L.Ed.2d 461 (1980).

■ Plaintiff's arguments boil down to a disagreement with the Secretary of State as to whether or not he meets the relevant criterion of "intent" needed to expatriate. Plaintiff argues that he meets all of the elements: He left the United States, went to the consular's office in the Dominican Republic, and took a formal oath of renunciation. In rejecting Plaintiff's renunciation, the Department notes that Plaintiff demonstrated no intention of renouncing all ties to the United States. While Plaintiff claims to reject his United States citizenship, he nevertheless wants to remain a resident of Puerto Rico. The Immigration and Nationality Act makes it unmistakably clear that Puerto Rico

is a part of the United States for such purposes. (*See* 8 U.S.C. § 1101(a)(38), providing that the term "United States" for the purposes of the statute refers not only to the 50 states of the United States, but also Puerto Rico, Guam, and the Virgin Islands.) Indeed, after attempting to renounce in the Dominican Republic, Plaintiff returned to Puerto Rico without making any effort to be documented as an alien under the Immigration and Nationality Act. In other words, while claiming to renounce all rights and privileges of United States citizenship, Plaintiff wants to continue to exercise one of the fundamental rights of citizenship, namely the right to travel freely throughout the world and when he wants to, to return and reside in the United States.

Plaintiff's response to the Secretary's position is to claim a fundamental distinction between United States and Puerto Rican citizenship. Unlike the states, which cannot exist alone and apart from the United States, Plaintiff argues that Puerto Rico is a distinct and separate entity with a independent national history and identity. Thus, he objects to the Secretary of State's position that renunciation of U.S. citizenship must entail renunciation of Puerto Rican citizenship as well.

In essence, Plaintiff's complaint with the Secretary of State is over the much debated political question as to the status of Puerto Rico and its nationals in relation to the United States. While Plaintiff may well have strong political views with regard to Puerto Rican independence and the need for a citizenship separate and apart from the United States, this is not an issue for this Court to decide. Plaintiff must seek another, more appropriate forum to express his political views.

Accordingly, it is hereby **ORDERED** that Defendants' Motion to Dismiss is **GRANTED.**