Alberto O. LOZADA COLON, Appellant,

v.

UNITED STATES DEPARTMENT
OF STATE, et al., Appellees.

No. 98–5179.

United States Court of Appeals,
District of Columbia Circuit.

March 23, 1999.

Before: EDWARDS, Chief Judge,
SENTELLE and HENDERSON, Circuit
Judges.

## JUDGMENT

PER CURIAM.

This cause came to be heard on appeal from an opinion and judgment of the United States District Court for the District of Columbia, *Lozada Colon v. U.S. Dep't of State*, 2 F.Supp.2d 43 (D.D.C.1998), and was briefed by counsel. The issues have been accorded full consideration by the Court, and it is

**ORDERED** and **ADJUDGED** that the judgment of the District Court, denying plaintiff's request for mandamus relief, be affirmed. We agree with the District Court that mandamus relief is inappropriate here, because 8 U.S.C. § 1501 clearly affords the Secretary discretion to determine whether a Certificate of Loss of Nationality should be issued. *See 13th Regional Corp. v. U.S. Dep't of Interior*, 654 F.2d 758, 760 (D.C.Cir. 1980) ("[M]andamus will issue 'only where the duty to be performed is ministerial and the obligation to act peremptory, and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable.' ") (quoting *United States ex rel. McLennan v. Wilbur*, 283 U.S. 414, 420, 51 S.Ct. 502, 75 L.Ed. 1148 (1931)); *accord Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (mandamus is only appropriate if "the defendant owes [the plaintiff] a clear nondis-cretionary duty"). We also find no merit in plaintiff's equal protection claims, raised for the first time on appeal.

In affirming, we find it unnecessary to decide whether the plaintiff, Lozada Colon, failed to show that there was no other remedy, save mandamus, available to persons denied a Certificate of Loss of Nationality. Accordingly, we do not address any issues concerning the availability of judicial review for persons denied a Certificate of Loss of Nationality, nor do we affirm any of the District Court's views on this matter. Matters regarding the availability of review, outside of mandamus, can be decided another day in a case properly raising these issues.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.