**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

WARREN DANIEL CLINTON,

        Plaintiff,

        v.

HILLARY RODHAM CLINTON,

        Defendant.

**Civil Action 10-1009 (HHK)**

**MEMORANDUM OPINION**

In this action for a writ of mandamus, plaintiff, a prisoner at the United States

Administrative Maximum facility ("Supermax") in Florence, Colorado, seeks an order to compel

Secretary of State Hillary Clinton to issue him a "Certificate of Loss of Nationality." Compl. at 4.

Presently, before the Court is defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) or to

transfer the case under 28 U.S.C. § 1404(a). Having considered the parties' submissions, the

Court concludes that the complaint provides no grounds for issuing the writ. It therefore will

grant defendant's motion to dismiss.[1]

---

[1] In his opposition to defendant's motion, plaintiff does not address defendant's arguments but rather makes a bizarre argument that "defendants' re-presentative [sic], Tony West" is "certified dead." Plaintiff's Response to Order Dated September 20, 2010 [Dkt. No. 14] at 1. Consistent with the advisements given in the order to which plaintiff refers [Dkt. No. 11], the Court finds that plaintiff has conceded defendant's arguments. *See Slovinec v. Amer. Univ.*, 520 F. Supp. 2d 107, 111 (D.D.C. 2007) ("[I]f a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citation and internal quotation marks omitted).

The extraordinary writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. The Court's mandamus power extends only to ministerial duties of public officials, *i.e.*, those duties that "admit[] of no discretion, so that the official in question has no authority to determine whether to perform the duty." *Swan v. Clinton*, 100 F.3d 973, 977 (D.C. Cir. 1996). The plaintiff bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted).

Plaintiff alleges that for three years, he has been contacting the Departments of State and Homeland Security to "receive the Official Expatriation forms that is [sic] prescribed by the United States Secretary of State for U.S. citizens that [sic] wish to expatriate, or, [to] accept [his] own application so that [he] may obtain a 'Certificate of Loss of Nationality' from the U.S. State Dept." Compl. ¶ 3. He has included in the complaint his "Affidavit of Expatriation" dated May 8, 2010.[2] *Id*. at 3. Plaintiff "affirm[s] and attest[s]" that "this Oath is made in a foreign state," and identifies himself in the signature line as "King" and "Head of State." Compl. at 3. Plaintiff admits that he has been at the Supermax facility "for three consecutive years," *id*. ¶ 2; thus, he has committed perjury as to where he took the oath. Moreover, it appears that the only foreign nation plaintiff is claiming allegiance to is himself. An official confronted with such a fanciful affidavit would have no duty to act on it.

In any event, "mandamus relief is inappropriate [] because 8 U.S.C. § 1501 clearly affords the Secretary discretion to determine whether a Certificate of Loss of Nationality should be

---

[2]  *See Kaufman v. Mukasey*, 524 F.3d 1334, 1340 (D.C. Cir. 2008) (acknowledging a 2002 legal memorandum wherein "the Office of Legal Counsel ha[d] advised that no regulation for accepting a formal renunciation within the United States pursuant to [§ 1481(a)(6) ] is necessary, as the requisite form could be produced by the Attorney General at the time a citizen seeks to exercise that right") (citation, ellipsis and internal quotation marks omitted).

issued." *Colon v. U.S. Dep't of State*, 170 F.3d 191 (D.C. Cir. 1999) (per curiam). Moreover, "the Secretary of State [has] the discretion to determine whether an individual has adequately renounced affiliation with the United States so as to trigger [the] right [to expatriate]." *Colon v. U.S. Dep't of State*, 2 F. Supp. 2d 43, 45 (D.D.C. 1998); *see* 8 U.S.C. § 1481(a)(6) (authorizing "the Attorney General" to approve a renunciation made in the United States during "a state of war" upon a determination that "such renunciation is not contrary to the interests of national defense"); *Kaufman v. Gonzalez*, No. 05-1631(RWR), 2006 WL 1725579, *4 (D.D.C. June 20, 2006), *rev'd on other grounds*, *Kaufman v. Mukasey*, 524 F.3d 1334 (D.C. Cir. 2008) (the meaning of the phrase "not contrary to the interests of national defense" is a "matter of interpretation and plainly within the discretion of the Attorney General").[3] *Cf. with Kaufman v. Mukasey*, 524 F.3d at 1340 (recognizing that "determinations regarding national security are matters that courts acknowledge are generally beyond their ken") (citations omitted).

Because plaintiff seeks to compel an act that is within the discretion of the issuing authority, he is not entitled to mandamus relief. The Court therefore grants defendant's motion to dismiss. A separate Order accompanies this Memorandum Opinion.

_____s/s_____
Henry H. Kennedy, Jr.
United States District Judge

Date: November 29, 2010

---

[3] *See Kaufman v. Holder*, 686 F. Supp. 2d 40, 45 (D.D.C. 2010) (concluding on remand "that the Director of [Homeland Security's Citizenship and Immigration Services] [now] has the responsibility to administer § 1481(a)(6)").