**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **COL. GEORGE S. LAKNER, M.D.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 10-1200 (RMC)** |
| | ) | |
| **U.S. DEPARTMENT OF DEFENSE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION

Colonel George S. Lakner, M.D., filed a Petition for Writ of Mandamus against the Department of Defense ("DoD"). Col. Lakner's Petition seeks to compel DoD or the Assistant Secretary of Defense for Health Affairs ("ASDHA") to set a hearing and/or issue a decision regarding Col. Lakner's appeal of the revocation of his clinical privileges by the U.S. Army Medical Command. *See* Pet. for Writ of Mandamus ("Pet.") [Dkt. #1] at 1, 19-20. DoD has moved to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), because Plaintiff has not established the prerequisites for mandamus jurisdiction. Col. Lakner's appeal already was decided by the designated authority, The Army Surgeon General. Because the ASDHA has no duty to act, Col. Lakner has failed to establish jurisdiction under the Mandamus Act and the case will be dismissed.

## I. FACTS

Col. Lakner is a psychiatrist who served in the U.S. military for approximately twenty-five years. The Army revoked his clinical privileges in 2005. This suit arises from that revocation.

In July of 2004, when Col. Lakner was almost sixty-five years old, he was deployed as commander of the Mental Health Task Force in support of NATO forces in Kosovo. Shortly thereafter, in an effort to cover manpower shortages elsewhere, the U.S. Army Medical Command dispersed the Task Force and reassigned personnel. Col. Lakner objected to the disbanding of the Task Force. Subsequently, several deaths occurred among civilian DoD employees. Col. Lakner classified these deaths as suicides and reported that the deaths may have been prevented if the civilians had access to the mental health care that previously had been available from the Task Force. Col. Lakner filed a complaint with the Inspector General.[1]

Thereafter, the Army terminated Col. Lakner's tour of duty.[2] In November of 2004, the Army Medical Command convened a Credentialing Committee to review Col. Lakner's medical credentials. *See*, Pet., Ex. 27 (Minutes of 11/8/04 Committee Meeting). The Committee examined whether certain reference letters written in support of Col. Lakner were in fact written by the individuals who signed them. *Id*. at 1. After further investigation, the Committee recommended that Col. Lakner's clinical privileges be revoked. Via a memorandum dated November 15, 2005, Brigadier General Carla Hawley-Bowland accepted the recommendation of the Credentialing Committee and revoked Col. Lakner's clinical privileges. *See* Pet., Ex. 37 (Nov. 14, 2005 Memo).

---

[1] Col. Lakner alleges that on September 22, 2004, the Inspector General determined that his complaint was founded.

[2] Col. Lakner allegedly was forcibly removed from Kosovo and detained for a few weeks in at Landstuhl Regional Medical Center in Germany. He then returned to the United States. While he was in Germany and again on his return to the United States, the Army required Col. Lakner to undergo mental health examinations. Col. Lakner asserts that the early termination of his tour of duty, his removal from Kosovo and detention in Germany, and the mental health evaluations were done in retaliation for his complaint to the Inspector General. However, on November 6, 2006, the DoD Inspector General determined that Col. Lakner's reprisal allegations were not substantiated. Reply [Dkt. # 12], Ex. 3 (Matteston Decl.) at 40-42.

The memorandum advised Col. Lakner of his appeal rights as follows:

> In accordance with [Army Regulation] 40-68, para. 10-10, you have 10 duty days from the date of service of this document to submit an appeal/request for reconsideration to me. If you do not request reconsideration, the action will be submitted to the USAMEDCOM[3] QMD, with a copy furnished to MEDCOM as my next higher headquarters, for reporting to the National Practitioner Data Bank (NPDB). If you elect to appeal, I will act upon that appeal within 14 calendar days from receipt of your submission. If I deny your appeal in whole or in part, the action will be automatically endorsed to The Surgeon General (TSG) as an appeal. TSG is the final appellate authority for denying, suspending, restriction, reducing, or revoking clinical privileges.

*Id*. at 1-2. Col. Lakner requested reconsideration, and on December 22, 2005, BG Hawley-Bowland denied reconsideration and forwarded the appeal to the U.S. Army Medical Command Medical Appeals Board, which makes recommendation on appeals to The Army Surgeon General. Pet. at 10.

On March 16, 2006, the U.S. Army Medical Command Medical Appeals Board met to consider Col. Lakner's appeal. *See* Pet., Ex. 41 (Minutes of Board Meeting dated 5/2/06) at 2 ("The chairman asked whether the group agreed that [Col.] Lakner engaged in misconduct to change [sic] the letters with the intent to use them for an official purpose."). The Board voted to recommend that The Army Surgeon General uphold the "adverse privileging action." *Id*. at 3.

The Army Surgeon General accepted the recommendation. In a letter to Col. Lakner dated May 16, 2006, The Army Surgeon General indicated that it had determined that the revocation of Col. Lakner's clinical privileges was proper. *See* Pet., Ex. 40 (Letter dated May 17, 2006). The letter noted that "[u]nder the provisions of Army Regulation 40-68, this is the final action in the appeals process. This action will be reported to the National Practitioner Data Bank, The Federation

---

[3] "USAMEDCOM" is the U.S. Army Medical Command.

of State Medical Boards, and known states of licensure." *Id*.

Ignoring The Army Surgeon General's indication that its decision was final, on June 25, 2007, Col. Lakner appealed the decision of the Medical Command Appeals Board to the Assistant Secretary of Defense for Health Affairs ("ASDHA"). The ASDHA has not acted. On July 15, 2010, Col. Lakner filed this case against DoD, seeking a writ of mandamus to compel DoD or the ASDHA to set a hearing and/or issue a decision regarding Col. Lakner's appeal. Col. Lakner's Petition for Writ of Mandamus indicates that it is filed pursuant to: the Mandamus Act, 28 U.S.C. § 1361; the All Writs Act, 28 U.S.C. § 1651; and the Administrative Procedure Act ("APA"), 5 U.S. C. §§ 702-706. *See* Pet. at 1. DoD has moved to dismiss for lack of jurisdiction.

## II. LEGAL STANDARD

Federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When reviewing a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), the court must review the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged, *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004), although the court may consider materials outside the pleadings. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005). No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and statutory requirement. *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

## III. ANALYSIS

Federal district courts have "original jurisdiction of any action in the nature of

mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief may be granted only where (1) the petitioner has a clear right to relief; (2) the respondent has a clear duty to act; and (3) there is no other adequate remedy available to the petitioner. *In re Medicare Reim. Litig.*, 414 F.3d 7, 10 (D.C. Cir. 2005). With regard to a defendant's duty to act, "The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Lozada Colon v. Dep't of State*, 170 F.3d 191, 191 (D.C. Cir. 1999). A petitioner who seeks mandamus bears the burden of showing that his right to the writ is clear and indisputable. *N. States Power Co. v. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997). "Even when the legal requirements for mandamus jurisdiction have been satisfied, however, a court may grant relief only when it finds 'compelling . . . equitable grounds.'" *Medicare Reim. Litig.*, 414 F.3d at 10 (citing *13th Reg'l Corp. v. Dep't of Interior*, 654 F.2d 758, 760 (D.C. Cir. 1980)).

Col. Lakner has not shown that he has a clear and indisputable right to a writ of mandamus because he has not shown that DoD or ASDHA has a duty to act. Army Regulation 40-68 establishes the procedures by which a doctor whose clinical privileges have been revoked may appeal that revocation. *See* Def.'s Resp. [Dkt. # 9], Ex. A (AR 40-68 "Clinical Quality Management"). After the commander of a medical treatment facility revokes a physician's clinical privileges, the physician can make a request for reconsideration. AR 40-68 ¶ 10.10(a). If the commander denies reconsideration, the issue is automatically endorsed as an appeal to The Army Surgeon General. *Id*. ¶ 10.10(b). The appeal then goes to the U.S. Army Medical Command Medical Appeals Board. *Id*. ¶ 10.10(d), (f). The Board reviews the appeal and makes a recommendation to The Army Surgeon General. *Id*. The Army Surgeon General then decides the

appeal. "The Surgeon General is the sole authority responsible for provider notification of the final decision associated with the appeal." *Id*. ¶ 10.10(f).

Col. Lakner already has followed the procedure set forth in Army Regulation 40-68. Brigadier General Hawley-Bowland revoked Col. Lakner's clinical privileges and denied Col. Lakner's request for reconsideration. Then the action was automatically endorsed to The Army Surgeon General as an appeal. The issue went before the U.S. Army Medical Command Medical Appeals Board and the Board recommended that The Army Surgeon General uphold the revocation. In a final decision, The Army Surgeon General affirmed the revocation of Col. Lakner's clinical privileges. The Army Regulation does not provide for an appeal to DoD or ASDHA, and thus neither of them has a duty to act. Accordingly, Col. Lakner has failed to show that his right to a writ of mandamus is clear and indisputable, and the Court lacks mandamus jurisdiction.

Col. Lakner also erroneously contends that the Court has jurisdiction under the All Writs Act, 28 U.S.C. § 1651, and the APA, 5 U.S. C. §§ 702-706. The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Act does not grant or expand the jurisdiction of district courts; it only permits the issuance of writs as necessary to protect the jurisdiction of the court. "This statutory language thus makes clear that the authority to issue writs is confined to the issuance of process 'in aid of' jurisdiction which is created by some other source and not otherwise enlarged by the Act. The statute itself is not a grant of jurisdiction . . . ." *West v. Spellings*, 480 F. Supp. 2d 213, 218 (D.D.C. 2007) (citing *In re Tennant*, 359 F.3d 523, 527 (D.C. Cir. 2004)).

The APA also does not provide an independent basis for subject matter jurisdiction.

*Califano v. Sanders*, 430 U.S. 99, 107 (1977). The APA imposes a general duty on administrative agencies to act on matters presented to them within a reasonable time and authorizes a reviewing court to compel agency action unlawfully withheld or unreasonably delayed. *The Mashpee Wamponaog Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003). Because there is no statute or regulation that requires DoD or ASDHA to act on Col. Lakner's challenge to the final decision of The Army Surgeon General, there can be no claim that a decision by DoD or ASDHA has been unlawfully withheld or unreasonably delayed. Because the Court lacks jurisdiction in this matter, the case will be dismissed.[4]

## IV. CONCLUSION

For the reasons stated above, DoD's motion to dismiss [Dkt. # 9] will be granted and this case will be dismissed. A memorializing Order accompanies this Memorandum Opinion.


Date: December 15, 2010
/s/
ROSEMARY M. COLLYER
United States District Judge

---

[4] DoD also notes that Col. Lakner can pursue other administrative remedies. He can contact the National Practitioner Data Bank to dispute the factual accuracy of the report from The Army Surgeon General or to challenge whether the report met the relevant reporting requirements. *See* Def.'s Mot. at 7. Col. Lakner could also request that his military records be corrected by the Army Board for Correction of Military Records. *Id.*